# EXHIBIT A

**CAUSE NO. DC-24-20229**

| | |
|---|---|
| GILBERT GRAIM, JR., | **IN THE DISTRICT COURT** |
| Plaintiff, | **DALLAS COUNTY, TEXAS** |
| v. | **101st JUDICIAL DISTRICT** |
| EXPERIAN, PLC, TOYOTA MOTOR CREDIT CORP. d/b/a TOYOTA FINANCIAL SERVICES, | |
| Defendants. | |

**PLEADINGS INDEX**

| | |
|---|---|
| November 5, 2024 | Plaintiff's Original Petition |
| November 5, 2024 | Citation |
| December 4, 2024 | Notice of Submission Hearing |
| December 4, 2024 | Notice of Submission Hearing |
| December 4, 2024 | Notice of Submission Hearing |
| December 6, 2024 | Motion – Default Judgment |
| December 6, 2024 | Proposed Order/ Judgment |
| December 6, 2024 | Experian Citation |
| December 6, 2024 | Toyota Citation |
| December 13, 2024 | Return of Service for Toyota |
| December 13, 2024 | Return of Service for Experian |
| January 3, 2025 | Motion for Default Judgment |
| January 3, 2025 | Proposed Order |
| January 6, 2025 | Experian Motion for Extension of Time |
| January 6, 2025 | Experian Proposed Order |
| January 6, 2025 | Plaintiff's Response to Experian's Motion |
| January 6, 2025 | Notice of Hearing |
| January 6, 2025 | Toyota's Original Answer |
| January 6, 2025 | Toyota's Notice of Appearance |

## Case Information

DC-24-20229 | GILBERT GRAIM, Jr vs. EXPERIAN, PLC, et al

Case Number
DC-24-20229

Court
101st District Court

Judicial Officer
WILLIAMS, STACI

File Date
11/05/2024

Case Type
OTHER (CIVIL)

Case Status
OPEN

## Party

PLAINTIFF
GRAIM, GILBERT, Jr

Active Attorneys ▾
Pro Se

DEFENDANT
EXPERIAN, PLC

DEFENDANT
TOYOTA MOTOR CREDIT CORPORATION

Active Attorneys ▾
Lead Attorney
HANEY, JAMES K
Retained

Attorney
HANEY, JAMES K
Retained

## Events and Hearings

11/05/2024 NEW CASE FILED (OCA) - CIVIL

11/05/2024 ORIGINAL PETITION ▾

ORIGINAL PETITION

11/05/2024 ISSUE CITATION ▾

ISSUE CITATION - EXPERIAN, PLC

ISSUE CITATION - TOYOTA MOTOR CREDIT CORP.

12/06/2024 MOTION - DEFAULT JUDGMENT ▾

MOTION - DEFAULT JUDGMENT

12/06/2024 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER FOR DEFAULT JUDGMENT

   Comment
   PROPOSED ORDER FOR DEFAULT JUDGMENT

12/06/2024 CITATION ▾

Served
12/12/2024

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
12/13/2024
Comment
EXPERIAN, PLC

12/06/2024 CITATION ▾

Served
12/12/2024

Anticipated Server
ESERVE

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
12/13/2024

Comment
TOYOTA MOTOR CREDIT CORP.

---

12/13/2024 RETURN OF SERVICE ▾

AFFIDAVIT O F SERVICE - EXECUTED CITATION - TOYOTA MOTOR CREDIT CORP.

Comment
AFFIDAVIT O F SERVICE - EXECUTED CITATION - TOYOTA MOTOR CREDIT CORP.

---

12/13/2024 RETURN OF SERVICE ▾

AFFIDAVIT OF SERVICE - EXECUTED CITATION - EXPERIAN, PLC

Comment
AFFIDAVIT OF SERVICE - EXECUTED CITATION - EXPERIAN, PLC

---

12/30/2024 Motion - Default Judgment ▾

Judicial Officer
WILLIAMS, STACI

Hearing Time
3:00 PM

Comment
SUBMISSION

---

01/03/2025 MOTION - DEFAULT JUDGMENT ▾

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

01/03/2025 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER GRANTING DEFAULT JUDGMENT

Comment
PROPOSED DEFAULT JUDGMENT

---

01/06/2025 MOTION - CONTINUANCE ▾

MOTION FOR CONTINUANCE

---

01/06/2025 PROPOSED ORDER/JUDGMENT ▾

PROPOSED ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.S MOTION FOR EXTENSION OF TIME

Comment
PROPOSED ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.S MOTION FOR EXTENSION OF TIME

01/06/2025 RESPONSE ▾

PLAINTIFF'S RESPONSE TO DEF'S MOTION FOR EXTENSION OF TIME

Comment
PLAINTIFF'S/ TO DEF'S MOTION FOR EXTENSION OF TIME

01/06/2025 NOTICE OF SUBMISSION ▾

NOTICE OF SUBMISSION HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Comment
RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

01/06/2025 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

01/06/2025 NOTICE OF APPEARANCE ▾

NOTICE OF APPEARANCE OF DEFENDANT TOYOTA FINANCIAL SERVICES' COUNSEL

Comment
RE: DEFENDANT TOYOTA FINANCIAL SERVICES' COUNSEL

01/31/2025 Motion - Default Judgment ▾

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

PROPOSED ORDER GRANTING DEFAULT JUDGMENT

NOTICE OF SUBMISSION HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Judicial Officer
WILLIAMS, STACI

Hearing Time
1:30 PM

Comment
SUBMISSION

02/07/2025 DISMISSAL FOR WANT OF PROSECUTION ▾

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

## Financial

GRAIM, GILBERT, Jr

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | $366.00 |
| Total Payments and Credits | | | $366.00 |

| Date | Description | Receipt | Name | Amount |
|---|---|---|---|---|
| 11/20/2024 | Transaction Assessment | | | $366.00 |
| 11/20/2024 | CREDIT CARD - TEXFILE (DC) | Receipt # 81308-2024-DCLK | GRAIM, GILBERT | ($229.00) |
| 11/20/2024 | STATE CREDIT | | | ($137.00) |

## Documents

ORIGINAL PETITION

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

MOTION - DEFAULT JUDGMENT

PROPOSED ORDER FOR DEFAULT JUDGMENT

ISSUE CITATION - EXPERIAN, PLC

ISSUE CITATION - TOYOTA MOTOR CREDIT CORP.

AFFIDAVIT O F SERVICE - EXECUTED CITATION - TOYOTA MOTOR CREDIT CORP.

AFFIDAVIT OF SERVICE - EXECUTED CITATION - EXPERIAN, PLC

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

PROPOSED ORDER GRANTING DEFAULT JUDGMENT

MOTION FOR CONTINUANCE

PROPOSED ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.S MOTION FOR EXTENSION OF TIME

PLAINTIFF'S RESPONSE TO DEF'S MOTION FOR EXTENSION OF TIME

NOTICE OF SUBMISSION HEARING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

ORIGINAL ANSWER

NOTICE OF APPEARANCE OF DEFENDANT TOYOTA FINANCIAL SERVICES' COUNSEL

FILED
11/05/2024 11:23 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
ROBIN HOLLAND DEPUTY

2 CIT ESERVE

DC-24-20229

### CAUSE NO. _____

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | 101st |
| **Defendant.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**NOW COMES, Gilbert Graim Jr. ("Plaintiff" or "Graim"), filing this Original Petition complaining of Defendant Experian and Toyota Motor Credit Corporation ("Defendant" or "Defendants") and all affiliates, and for causes of action would respectfully show the court that the Defendants violated the Fair Credit Reporting Act, Fair and Accurate Credit Transactions Act, Gramm-Leach- Bliley Act, Texas State Laws, and Consumer Financial Protection Bureau Regulations.**

## I. INTRODUCTION

In a world where personal information is as valuable as currency, the sanctity and confidentiality of such data must be upheld with the utmost rigor. Gilbert Graim, a conscientious consumer, entrusted his sensitive personal information to entities that promised security and privacy. Despite this, his trust was betrayed in a most egregious manner. Not only did Experian and Toyota Financial Services mishandle his personal data, but they also facilitated its alarming dissemination to an unrelated third party, turning what should have been a routine credit dispute into a privacy nightmare.

This case is not merely about a single mishap; it is a glaring example of systematic failures and disregard for consumer rights. Despite prior warnings and the clear mandates of federal and state laws designed to protect consumers like Mr. Graim, Experian and Toyota Financial Services repeatedly failed to safeguard personal information. Their actions—or lack thereof—have not only caused significant distress and potential harm to Mr. Graim but also set a dangerous precedent for the treatment of sensitive consumer data. The court must hold these corporations accountable for their actions to restore Mr. Graim's dignity and ensure such flagrant violations do not recur.

## II. JURISDICTION

Subject Matter Jurisdiction: This Court has subject matter jurisdiction over the claims presented in this complaint pursuant to the laws of the State of Texas, as the events giving rise to these claims occurred within this state. The claims involve causes of action arising under the statutes and common law of Texas, which grant this Court the authority to adjudicate the dispute.

Personal Jurisdiction: This Court has personal jurisdiction over the Defendant(s) because the Defendant(s) reside in Texas, conduct business in Texas, and/or have committed acts within Texas that give rise to the claims in this complaint. The Defendant(s)' contacts with Texas are such that the exercise of jurisdiction over the Defendant(s) comports with traditional notions of fair play and substantial justice.

## III. PARTIES

Gilbert Graim, an individual, who resides at 537 Whetstone Street, Desoto, Texas 75115. Mr. Graim is a citizen of the State of Texas.

Toyota Motor Credit Corporation, doing business as Toyota Financial Services, a corporation with its principal place of business at 6565 Headquarters Drive, Plano, Texas 75024. Toyota Motor Credit Corporation is incorporated under the laws of the State of California and is therefore considered a citizen of California for jurisdictional purposes.

Experian, a corporation with its principal place of business at 475 Anton Blvd, Costa Mesa, California 92626. Experian is incorporated under the laws of the State of Ireland and is therefore considered a citizen of Ireland for jurisdictional purposes.

## IV. GENERAL ALLEGATIONS

Plaintiff Gilbert Graim filed a credit dispute with Experian concerning inaccuracies in his credit report, including a disputed account from 2017 with Toyota Financial Services.

Subsequent to the dispute, Experian removed the account in question from Plaintiff's credit profile.

Plaintiff, seeking further resolution, submitted a complaint regarding Experian and Toyota Financial Services to the Consumer Financial Protection Bureau.

After filing the complaint, Experian reinstated the disputed account on Plaintiff's credit profile without providing adequate notification or justification for this action.

In the process of handling Plaintiff's dispute, Experian sent copies of Plaintiff's highly sensitive personal documents, including his driver's license, social security card, home address, date of birth, and phone number, to Toyota Financial Services. These documents also included the dispute letter mailed to Experian, and even the envelope used by Plaintiff to mail his dispute.

Toyota Financial Services received the aforementioned documents containing Plaintiff's sensitive personal information.

In a severe breach of privacy and confidentiality, Toyota Financial Services then mailed all of these sensitive documents to a private citizen in Andover, MA. The envelope was addressed to this private citizen but contained the personal and sensitive documents of Plaintiff Gilbert Graim, thus exposing him to potential identity theft and other damages.

Each of these actions and breaches has caused significant distress, potential financial instability, and harm to Plaintiff's reputation and privacy.

**PLAINTIFF'S ORIGINAL PETITION**                                                    **Page 2 of 13**

Plaintiff seeks remedies including monetary damages, the removal of the disputed account, a thorough investigation into the breaches of privacy, and assurances of future protection of his personal information.

## V. COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., imposes a duty on consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Defendant Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

Plaintiff alleges that Defendant Experian failed to follow reasonable procedures to assure the accuracy of Plaintiff's credit report, in violation of 15 U.S.C. § 1681e(b).

Specifically, Plaintiff filed a credit dispute regarding an inaccurately reported account with Toyota Financial Services from 2017, which Defendant Experian initially removed from Plaintiff's credit profile, demonstrating acknowledgment of the inaccuracy.

Despite the initial removal of the disputed account, Defendant Experian subsequently reinserted the disputed account into Plaintiff's credit profile without properly verifying its accuracy and without providing Plaintiff with the required notice of reinsertion as mandated by 15 U.S.C. § 1681i(a)(5)(B).

Furthermore, in the process of handling Plaintiff's dispute, Defendant Experian negligently or willfully sent copies of Plaintiff's highly sensitive personal documents, including but not limited to Plaintiff's driver's license, social security card, and additional personal information, to an unauthorized third party, which constitutes a failure to implement reasonable procedures to protect Plaintiff's information under 15 U.S.C. § 1681e.

The unauthorized disclosure included sending these sensitive documents to Toyota Financial Services, which then erroneously sent these documents to a private citizen in Andover, MA, further demonstrating the lack of reasonable procedures in place to handle Plaintiff's sensitive information securely and confidentially.

As a direct and proximate result of Defendant Experian's actions, Plaintiff has suffered and continues to suffer actual damages, including but not limited to emotional distress, humiliation, and reputational damage, as well as the potential risk of identity theft and fraud.

Plaintiff alleges that Defendant Experian's actions were willful in failing to comply with the provisions of the FCRA, entitling Plaintiff to statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff seeks relief as provided by law under the FCRA for Defendant's violations thereof.

## VI. COUNT TWO: VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA)

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

FACTA requires that entities which collect and distribute personal information must implement and maintain a comprehensive information security program to safeguard personal consumer information.

Defendant Experian, as a consumer reporting agency, is subject to the provisions of FACTA and is obligated to protect the personal and sensitive information of consumers, including Plaintiff, from unauthorized access or disclosure.

Defendant Toyota Financial Services, as a financial institution, is also subject to the provisions of FACTA and is similarly obligated to protect the personal and sensitive information of consumers.

Plaintiff alleges that Defendant Experian negligently failed to adhere to its obligations under FACTA by improperly handling Plaintiff's sensitive personal information, including but not limited to his driver's license, social security card, home address, date of birth, and phone number.

Plaintiff further alleges that Defendant Experian's actions led to the unauthorized disclosure of his personal information when it sent copies of his driver's license, social security card, and other sensitive documents to Defendant Toyota Financial Services.

Subsequently, Defendant Toyota Financial Services negligently handled Plaintiff's sensitive personal information by mailing it to a private citizen in Andover, MA, which constitutes a further unauthorized disclosure of Plaintiff's personal information.

The unauthorized disclosures by Defendants were not isolated incidents but were part of a series of mishandlings of Plaintiff's sensitive personal information, indicating a failure by Defendants to maintain a comprehensive information security program as required by FACTA.

The negligent actions of Defendants have caused Plaintiff significant distress and potential harm, as the unauthorized disclosures of his sensitive personal information significantly increase his risk of identity theft and fraud.

Plaintiff alleges that the conduct of Defendants Experian and Toyota Financial Services constitutes a willful violation of FACTA, as Defendants failed to take reasonable measures to protect Plaintiff's sensitive personal information, despite their legal obligations to do so under FACTA.

As a direct and proximate result of Defendants' violations of FACTA, Plaintiff has suffered actual damages, including but not limited to emotional distress, time spent mitigating the effects of the unauthorized disclosures, and an increased risk of future harm.

WHEREFORE, Plaintiff seeks relief as provided by law under FACTA for Defendants' violations thereof.

## VII. COUNT THREE: VIOLATION OF THE GRAMM-LEACH-BLILEY ACT (GLBA)

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**PLAINTIFF'S ORIGINAL PETITION**                                    **Page 4 of 13**

The Gramm-Leach-Bliley Act (GLBA) requires financial institutions to protect the privacy of consumers' personal financial information and to securely handle the sharing of such information.

Defendant Toyota Financial Services, as a financial institution, is subject to the provisions of the GLBA, including the requirement to safeguard consumer data and limit the sharing of such data to authorized parties only.

Defendant Toyota Financial Services received highly sensitive personal and financial information of Plaintiff, including but not limited to Plaintiff's driver's license, social security card, home address, date of birth, and phone number, which was sent to them by Experian.

Defendant Toyota Financial Services breached the GLBA's requirement to protect the privacy of consumers' personal financial information by negligently handling Plaintiff's sensitive data.

Defendant Toyota Financial Services further violated the GLBA by sending this sensitive personal and financial information of Plaintiff to a third party, a private citizen in Andover, MA, who was not authorized to receive such information.

The unauthorized disclosure by Defendant Toyota Financial Services of Plaintiff's personal and financial information to a third party was not only a breach of the GLBA's mandates but also placed Plaintiff at significant risk of identity theft and financial fraud.

The actions of Defendant Toyota Financial Services have caused Plaintiff substantial distress, anxiety, and potential financial harm due to the mishandling and unauthorized dissemination of his sensitive personal and financial information.

As a direct and proximate result of Defendant Toyota Financial Services' violation of the GLBA, Plaintiff has suffered and continues to suffer actual harm and damages.

WHEREFORE, Plaintiff seeks relief as provided by law under the GLBA for Defendant's violations thereof.

## VIII. COUNT FOUR: TEXAS INVASION OF PRIVACY

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

Under Texas law, a claim for invasion of privacy by public disclosure of private facts requires the plaintiff to establish that the defendant publicly disclosed private facts about the plaintiff.

The facts disclosed must be ones that would be highly offensive to a reasonable person and are not of legitimate concern to the public.

Defendant Toyota, by its actions, disclosed private and sensitive information pertaining to the Plaintiff, including but not limited to the Plaintiff's driver's license, social security card, home address, date of birth, and phone number.

The disclosure occurred when Toyota mailed these sensitive documents to a private citizen in Andover, MA, who had no lawful right or legitimate need to possess such information.

The information disclosed by Toyota includes types of information generally considered highly private and sensitive, the disclosure of which would be highly offensive to any reasonable person.

The private facts disclosed by Toyota were not of legitimate concern to the public and served no lawful or ethical purpose in being disclosed.

The unauthorized disclosure of Plaintiff's private facts has caused Plaintiff significant distress and potential risk of harm, including but not limited to identity theft and invasion of privacy.

By these actions, Toyota has committed an invasion of Plaintiff's privacy by public disclosure of private facts, in violation of Texas law.

As a direct and proximate result of Toyota's actions, Plaintiff has suffered damages and is entitled to relief as sought in this Complaint.

WHEREFORE, Plaintiff seeks relief as provided by law for Defendant's invasion of privacy under Texas law.

## IX. COUNT FIVE: TEXAS NEGLIGENCE

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

In Texas, the first element required to establish a claim for negligence is the existence of a legal duty owed by the defendant to the plaintiff.

Defendants Experian and Toyota Financial Services owed a duty of care to Plaintiff, Gilbert Graim, to handle his personal and sensitive information with a high degree of care and to protect it from unauthorized disclosure.

The second element in a negligence claim is a breach of the aforementioned legal duty.

Defendant Experian breached this duty when it improperly handled Plaintiff's sensitive personal information, including but not limited to his driver's license, social security card, and home address, by failing to protect against unauthorized disclosure.

Defendant Toyota Financial Services further breached this duty when it received Plaintiff's sensitive information from Experian and then negligently sent this information to a private citizen in Andover, MA, without any authorization or legitimate purpose.

The third element in a negligence claim is causation, specifically that the breach of duty caused harm to the plaintiff.

As a direct and proximate result of Defendants' breaches of duty, Plaintiff's sensitive personal information was disclosed to an unauthorized third party, exposing him to a significant risk of identity theft and fraud.

The fourth and final element in a negligence claim is damages, meaning the plaintiff suffered actual harm or damage as a result of the defendant's breach.

Plaintiff has suffered actual harm as a result of Defendants' negligent actions, including but not limited to emotional distress, anxiety, and the potential financial harm associated with identity theft and fraud,

which necessitates ongoing monitoring of his financial accounts and credit reports to mitigate future damage.

Each of these actions and inactions by Defendants Experian and Toyota Financial Services constituted negligence, directly leading to the damages suffered by Plaintiff Gilbert Graim.

WHEREFORE, Plaintiff seeks relief as provided by law for Defendants' negligence under Texas law.

## X. COUNT SIX: TEXAS BREACH OF CONTRACT

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

Under Texas law, a breach of contract claim requires the plaintiff to prove (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach.

1. **Existence of a Valid Contract**: Plaintiff avers that a valid contract was formed between Plaintiff and Defendants, which included express and implied promises made by Defendants through their respective privacy policies and service agreements. These policies, which Plaintiff relied upon, explicitly stated Defendants' obligations to maintain the confidentiality and security of Plaintiff's personal and sensitive information.
2. **Performance by Plaintiff**: Plaintiff performed all obligations required under the terms of the contract by entrusting Defendants with his personal and sensitive information, Social Security number, financial data, and geolocation data, with the legitimate expectation that Defendants would adhere to their privacy and data protection policies.
3. **Breach by Defendants**: Plaintiff contends that Defendants breached the contract in multiple, egregious ways. Defendants' actions, including the negligent handling of Plaintiff's sensitive information and subsequent unauthorized disclosure to a third party, contravened the explicit terms of the privacy and data security provisions within the contract. These breaches are evidenced by Defendants' failure to:
   a. Protect Plaintiff's information against accidental, unlawful, or unauthorized access, destruction, loss, alteration, disclosure, or use, as per their stated administrative, technical, and physical safeguards.
   b. Comply with the obligation to implement and maintain reasonable procedures to protect sensitive personal information from unlawful use or disclosure, as required by both Defendants' privacy policies and applicable federal privacy laws, including the Gramm-Leach-Bliley Act.
   c. Uphold the duty to manage and protect personal and financial data, which includes comprehensive information security programs and measures to ensure data privacy and prevent unauthorized disclosures.
4. **Damages to Plaintiff**: The breach of contract by Defendants has directly resulted in quantifiable damage to Plaintiff. Plaintiff has suffered emotional distress, potential financial harm due to increased risk of fraud and identity theft, and incurred costs associated with the need to mitigate these risks, such as credit monitoring and securing personal information. These damages are a direct consequence of Defendants' failure to honor their contractual commitments to data privacy and security.
5. **Demand for Relief**: Plaintiff seeks specific and general damages for the breach of contract, including but not limited to compensation for emotional distress, cost of credit monitoring services, and any other consequential damages flowing from the breach. Plaintiff also seeks equitable relief to prevent future breaches, including an injunction requiring Defendants to

implement and maintain robust data security measures, and any other relief deemed just and proper by the court.

Plaintiff reserves the right to amend this claim to include any further contractual obligations discovered during the discovery process and any additional damages that may become apparent.

WHEREFORE, Plaintiff seeks relief as provided by law for Defendant's breach of contract under Texas law.

## XI. COUNT SEVEN: TEXAS IDENTITY THEFT ENFORCEMENT AND PROTECTION ACT

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

Under the Texas Identity Theft Enforcement and Protection Act, businesses are required to implement and maintain reasonable procedures to protect sensitive personal information from unlawful use or disclosure.

Defendant Experian, a business entity, possessed and was responsible for safeguarding the personal and sensitive information of the Plaintiff, including but not limited to his driver's license, social security card, home address, date of birth, and phone number.

Defendant Toyota, a business entity, came into possession of the Plaintiff's personal and sensitive information as a result of the actions of Defendant Experian.

Defendant Experian failed to implement and maintain reasonable procedures to protect the Plaintiff's sensitive personal information when it erroneously sent copies of Plaintiff's personal documents to Toyota, which included Plaintiff's driver's license, social security card, home address, date of birth, phone number, and other sensitive documents.

Further exacerbating this failure, Defendant Toyota then mailed all of these sensitive documents to a private citizen in Andover, MA, thereby disclosing the Plaintiff's personal and sensitive information to an unauthorized third party.

The actions of Defendants Experian and Toyota in mishandling and disclosing Plaintiff's sensitive personal information were in violation of the Texas Identity Theft Enforcement and Protection Act, as they failed to prevent unlawful use or disclosure of the Plaintiff's sensitive personal information.

As a direct and proximate result of Defendants' violations of the Texas Identity Theft Enforcement and Protection Act, Plaintiff has suffered damages, including but not limited to stress, anxiety, and the potential risk of identity theft.

WHEREFORE, Plaintiff seeks relief as provided by law under the Texas Identity Theft Enforcement and Protection Act for Defendants' violations thereof.

## XII. COUNT EIGHT: VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT (DTPA)

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

**PLAINTIFF'S ORIGINAL PETITION**                                                    **Page 8 of 13**

The Texas Deceptive Trade Practices-Consumer Protection Act (DTPA) provides that false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are unlawful.

Defendant Experian engaged in false, misleading, or deceptive acts or practices by failing to maintain accurate credit information for Plaintiff, specifically by reinstating a previously disputed and removed account without proper verification or notification to Plaintiff.

Defendant Toyota engaged in deceptive practices by mishandling Plaintiff's sensitive personal information, which was sent to an unauthorized third party without Plaintiff's consent or knowledge, thereby violating the confidentiality expected in the handling of such information.

The actions of Defendants Experian and Toyota, as described, constitute a breach of warranty as to the services they purported to provide, which includes the safeguarding of personal and sensitive information and the accurate handling of credit information.

Defendants' actions were capable of deceiving a reasonable consumer, including Plaintiff, who relied on Defendants to accurately handle and protect personal credit and sensitive information.

As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff suffered actual damages including but not limited to emotional distress, invasion of privacy, potential financial harm from identity theft, and damage to credit reputation, all of which are compensable under the DTPA.

The conduct of Defendants, as detailed herein, was committed knowingly and intentionally, warranting the awarding of treble damages under the DTPA to deter such conduct in the future and to provide an example to others.

WHEREFORE, Plaintiff seeks relief under the Texas DTPA for Defendants' deceptive trade practices that directly resulted in personal and financial harm to Plaintiff.

## XIII. COUNT NINE: VIOLATIONS OF CONSUMER FINANCIAL PROTECTION BUREAU (CFPB) REGULATIONS

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

Defendant Experian is a "covered person" under regulations enforced by the Consumer Financial Protection Bureau (CFPB), which includes compliance with federal consumer financial laws that protect the privacy and integrity of consumer financial information.

Defendant Toyota Financial Services is also a "covered person" under regulations enforced by the CFPB, subject to the same requirements to protect the privacy and security of consumer financial information.

The CFPB regulations require that covered persons like Experian and Toyota Financial Services take reasonable steps to ensure the accuracy of consumer reports, including the proper handling of consumer disputes regarding credit information.

Plaintiff filed a credit dispute with Experian concerning an inaccurately reported account from Toyota Financial Services dating back to 2017, which Experian initially removed from Plaintiff's credit profile, demonstrating acknowledgment of the potential inaccuracy of the disputed information.

Despite the initial removal of the disputed account, Experian subsequently reinserted the account into Plaintiff's credit profile without providing Plaintiff with the required notice of reinsertion, in violation of CFPB regulations regarding the fair handling of credit disputes.

Furthermore, Experian disclosed highly sensitive personal and financial information of the Plaintiff, including his driver's license, social security card, and home address, to Toyota Financial Services without Plaintiff's consent or a legitimate need to disclose such information, contrary to CFPB regulations aimed at protecting consumer privacy.

Toyota Financial Services further violated CFPB regulations by negligently handling Plaintiff's sensitive personal information when it mailed these documents to a private citizen in Andover, MA, without any justification or authorization, thereby compromising the security and confidentiality of Plaintiff's personal financial information.

The actions of Experian and Toyota Financial Services, as described, constitute a failure to adhere to CFPB regulations designed to ensure the fair, accurate, and private handling of consumer financial information, directly resulting in harm to Plaintiff, including but not limited to, emotional distress, invasion of privacy, potential financial harm, and damage to Plaintiff's creditworthiness.

By failing to comply with the CFPB regulations, Defendants have acted to the detriment of Plaintiff, warranting relief and remediation as prescribed by law and further investigation by the court to prevent future occurrences of such regulatory violations.

WHEREFORE, Plaintiff seeks relief as provided by law for Defendants' violations of CFPB regulations.

## XIV. EVIDENCE OF DAMAGES

Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here. Plaintiff seeks compensation for the various damages suffered as a direct result of the defendant's actions and inactions, which include but are not limited to:

A. **Emotional Distress**: Plaintiff experienced significant emotional distress, including anxiety, sleeplessness, and emotional turmoil, due to the mishandling of his sensitive personal information and the resulting invasion of privacy. This distress is a direct consequence of the Defendants' actions, which caused fear of potential identity theft, financial insecurity, and a loss of control over his personal information.

   a. In **Remijas V. Neiman Marcus Group, LLC**, the court acknowledged that consumer could recover for emotional distress stemming from a data breach that exposed their personal information. The Plaintiffs in this case experienced anxiety and distress about the potential misuse of their data, which is similar to the emotional distress Mr. Graim is claiming due to the exposure of his sensitive information.

      i. **Risk Of Identity Theft:** The court recognized the heightened risk of identity theft as a valid concern. Given that Mr. Graim's personal information, including his social security number and driver's license, was exposed, he faces a similar risk that the court in *Remijas* deemed significant enough to warrant damages.

      ii. **Costs Of Protective Measures**: The ruling also considered the costs incurred by the plaintiffs for protective measures, such as credit monitoring. Mr. Graim's situation mirrors this as he may need to invest in similar protective measures to safeguard against identity theft following the breach of his personal sensitive information.

B. **Reputational Damage**: Plaintiff's reputation has been put at risk due to the potential for financial fraud and identity theft arising from the Defendants' negligent handling of his personal information. The possibility of having to address fraudulent charges or incorrect credit reports in the future poses a continual threat to Plaintiff's good name and credit standing.

    a. In **Murray V. New York University, 57 A.D.3d 276 (N.Y. App. Div. 2008)** the court recognized that a violation of privacy rights could lead to reputational harm. The plaintiff claimed that the unauthorized disclosure of personal information had damaged her reputation, and the court allowed her claim for damages to proceed based on the potential impact on her reputation. Mage is a valid form of harm that can arise from breaches of privacy. This is particularly pertinent to Mr. Graim's situation, as the unauthorized dissemination of his personal information could reasonably lead to damage to his reputation, especially given his public aspirations.

        i. **Impact Of Unauthorized Disclosure**: Just as in *Murray*, where the unauthorized disclosure led to reputational harm, Mr. Graim's case involves the dissemination of sensitive personal documents, which could affect how he is perceived publicly, particularly in relation to his future plans for public office.

        ii. **Legal Precedent for Damages**: The *Murray* case establishes a precedent that supports claims for damages based on reputational harm resulting from privacy violations. This strengthens Mr. Graim's argument that he deserves compensation for any negative impact on his reputation due to the actions of Experian and Toyota Financial Services.

C. **Risk Of Identity Theft**: The unauthorized disclosure of Plaintiff's sensitive personal information, such as his social security numbers and driver's license, has significantly increased his vulnerability to identity theft. The long-term implications of this risk include the need for constant vigilance and potential financial losses from any fraudulent activity.

    a. In **RE: Target Corporation Customer Data Security Breach Litigation** the court acknowledged that plaintiffs could recover damages for the increased risk of identity theft due to a data breach that exposed their personal information. Heft, which is a concern directly applicable to Mr. Graim's situation. The unauthorized dissemination of his personal information heightens the likelihood that it could be misused.

        i. **Compensable Damages**: The court allowed claims for damages based on the emotional distress and the financial costs associated with identity theft protection measures, such as credit monitoring or identity theft insurance. This precedent supports Mr. Graim's claims for damage arising from the potential identity theft risk he now faces.

        ii. **Legal Precedent**: The *Target* case serves as an important legal precedent that reinforces the idea that individuals whose sensitive information has been compromised due to negligence can seek compensation for the risks and potential harms that arise from such breaches.

D. **Legal Violations**: Defendants' breach of statutory duties has resulted in legal violations that carry their own set of statutory damages. These violations have compounded the distress and harms suffered by Plaintiff.

    a. In **Schmidt v. Board of Education of the City of New York, 29 N.Y.2d 387 (1971)** the New York Court of Appeals recognized that violations of statutory obligations can lead to legal liability, particularly when those violations result in harm to individuals. Statutory requirements, it can lead to liability for damages incurred as a result of those violations. This parallels with Mr. Graim's claim against Experian and Toyota Financial Services for their violations of the Fair Credit Reporting Act (FCRA), the Fair and Accurate Credit Transactions Act (FACTA), and other relevant statutes.

        i. **Direct Harm from Legal Violations**: Mr. Graim has faced direct harm due to the defendants' failure to follow the legal mandates established by these statutes.

The precedent set in *Schmidt* supports the idea that such violations can lead to compensable damages, reinforcing the claims for legal violations.

ii. **Legal Accountability**: The *Schmidt* case underscores the principle that entities must be held accountable for their legal obligations to protect consumers. This supports Mr. Graim's argument that Experian and Toyota Financial Services should be held liable for their failure to secure Mr. Graim's personal information.

## XV. DEMAND

WHEREFORE, Plaintiff Gilbert Graim respectfully requests that this Court:

1. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim.

2. Order the removal of the account in question with Toyota Financial Services and any negative remarks reported by Toyota Financial Services.

3. Compel Defendants to provide a thorough investigation report detailing how the disclosure of Plaintiff's personal sensitive information occurred.

4. Require Defendants to demonstrate the steps that have been taken to ensure that Plaintiff's information has not been sent to any unauthorized parties and that the information that was released has been or will be destroyed.

5. Mandate Defendants to outline the measures being implemented to prevent similar violations in the future concerning their customers.

6. Award Plaintiff actual damages in the amount of $350,000.

7. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available under the law.

8. Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation.

9. Issue a judicial determination of the rights, duties, and obligations of the parties hereto.

10. Enjoin Defendant from further acts that violate the privacy and data protection rights of Plaintiff.

11. Award such other and further relief as the Court deems just and proper.

## JURY DEMAND:

Gilbert Graim HEREBY DEMANDS A JURY ON ALL TRIABLE MATTERS.

Respectfully submitted,

Gilbert Graim, Plaintiff
537 Whetstone Street
Desoto, TX 75115

(469) 503-6935

ggraim1@gmail.com

OR

graimsolutions@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 94279973
Filing Code Description: Original Petition
Filing Description:
Status as of 11/20/2024 4:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 11/14/2024 9:29:47 AM | SENT |
| Darryl Gibson | | dgibson@experian.com | 11/14/2024 9:29:47 AM | SENT |

**101ˢᵗ JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 04, 2024

TOYOTA MOTOR CREDIT CORPORATION
6565 HEADQUARTERS DR
PLANO TX  75024

Cause No:          DC-24-20229

                   GILBERT GRAIM, Jr
                    vs.
                   EXPERIAN, PLC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

**February 07, 2025 at 9:00 AM VIA SUBMISSION**

If an answer has been filed, the case will not be dismissed. Your case will be removed from the dismissal docket and set for trial.

If service of process has been completed but no answer has been filed, you must file a Motion for Default Judgment on or prior to the date of the dismissal docket.  Failure to do so will result in dismissal of this case for want of prosecution.

If service of process has not been completed and you wish to retain the case on the docket, you must email the court at 101court@dallascounty.org no later than 3:00 p.m. on the day before the dismissal docket, specifying (1) date petition was filed, (2) the steps taken to attempt to achieve service and (3) how much additional time is needed before filing a Motion for Substitution Service.

If your case is set on the Default Judgment docket, your case will not be dismissed. Your case will be reset on the dismissal docket.

If your case is set on the Motion for Substitute Service docket, your case will not be dismissed. However, if you receive a Notice a Deficiency, the Court expects that the deficiencies be addressed. Your case will be reset on the dismissal docket.

If your case has been settled and is on the                    Settlement Docket, you must provide the required documents, or your case will be removed from the docket.

Sincerely,

Presiding Judge
101st Judicial District Court

CC:     TOYOTA MOTOR CREDIT CORPORATION; EXPERIAN, PLC; GILBERT GRAIM, Jr



**101st JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 04, 2024

GILBERT GRAIM Jr
537 WHETSTONE ST
DESOTO TX  75115

Cause No:        DC-24-20229

                 GILBERT GRAIM, Jr
                  vs.
                 EXPERIAN, PLC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant to the inherent power of the Court, on:

**February 07, 2025 at 9:00 AM VIA SUBMISSION**

If an answer has been filed, the case will not be dismissed. Your case will be removed from the dismissal docket and set for trial.

If service of process has been completed but no answer has been filed, you must file a Motion for Default Judgment on or prior to the date of the dismissal docket.  Failure to do so will result in dismissal of this case for want of prosecution.

If service of process has not been completed and you wish to retain the case on the docket, you must email the court at 101court@dallascounty.org no later than 3:00 p.m. on the day before the dismissal docket, specifying (1) date petition was filed, (2) the steps taken to attempt to achieve service and (3) how much additional time is needed before filing a Motion for Substitution Service.

If your case is set on the Default Judgment docket, your case will not be dismissed. Your case will be reset on the dismissal docket.

If your case is set on the Motion for Substitute Service docket, your case will not be dismissed. However, if you receive a Notice a Deficiency, the Court expects that the deficiencies be addressed. Your case will be reset on the dismissal docket.

If your case has been settled and is on the                Settlement Docket, you must provide the required documents, or your case will be removed from the docket.


Sincerely,


Presiding Judge
101st Judicial District Court


CC:    TOYOTA MOTOR CREDIT CORPORATION; EXPERIAN, PLC; GILBERT GRAIM, Jr



**101st JUDICIAL DISTRICT COURT**
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 04, 2024

EXPERIAN, PLC
475 ANTON BLVD
COSTA MESA CA  92626

Cause No:        DC-24-20229

                 GILBERT GRAIM, Jr
                 vs.
                 EXPERIAN, PLC, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil Procedure and pursuant
to the inherent power of the Court, on:

**February 07, 2025 at 9:00 AM VIA SUBMISSION**

If an answer has been filed, the case will not be dismissed. Your case will be removed from the dismissal
docket and set for trial.

If service of process has been completed but no answer has been filed, you must file a Motion for Default
Judgment on or prior to the date of the dismissal docket.  Failure to do so will result in dismissal of this
case for want of prosecution.

If service of process has not been completed and you wish to retain the case on the docket, you must
email the court at 101court@dallascounty.org no later than 3:00 p.m. on the day before the dismissal
docket, specifying (1) date petition was filed, (2) the steps taken to attempt to achieve service and (3) how
much additional time is needed before filing a Motion for Substitution Service.

If your case is set on the Default Judgment docket, your case will not be dismissed. Your case will be
reset on the dismissal docket.

If your case is set on the Motion for Substitute Service docket, your case will not be dismissed. However,
if you receive a Notice a Deficiency, the Court expects that the deficiencies be addressed. Your case will
be reset on the dismissal docket.

If your case has been settled and is on the _____ Settlement Docket, you must provide the required documents, or your case will be removed from the docket.


Sincerely,


Presiding Judge
101st Judicial District Court


CC:    TOYOTA MOTOR CREDIT CORPORATION; EXPERIAN, PLC; GILBERT GRAIM, Jr

DC-24-20229

**CAUSE NO. _____**

FILED

24 DEC -6 AM 8:58

FELICIA PITRE
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | |
| **Defendant.** | § | **101st    JUDICIAL DISTRICT** |

**MOTION FOR DEFAULT JUDGEMENT**

**NOW COMES, Gilbert Graim Jr. ("Plaintiff" or "Graim"), filing this Motion for Default Judgement, and hearby moves the court to enter a Default Judgement against Defendants Experian PLC and Toyota Motor Credit Corporation ("Defendant" or "Defendants") and as grounds thereof states the following:**

1. The Plaintiff filed his original petition on November 05, 2024.
2. The defendant was served with process on November 14, 2024, as shown by the Return of Service filed with the court.
3. As of the date of this motion, the Defendants have failed to file an answer or otherwise plead to Plaintiff's original petition within the time required by law, and the time for answering has expired.
4. Defendants aren't minors, aren't incompetent, and is not in the military service or otherwise exempted from default judgement under the Servicemembers Civil Relief Act.
5. Plaintiff requests that the court grant a Default Judgement against the Defendant and award Plaintiff the relief sought:
   a. Order the removal of the accounting question with Toyota Financial Services and any negative remarks reported by Toyota Financial Services.
   b. Compel Defendants to provide a thorough investigation report detailing how the disclosure of Plaintiff's personal sensitive information occurred.
   c. Require Defendant to demonstrate the steps that have been taken to ensure the Plaintiff's information has not been sent to any unauthorized parties and that the information that was released has been or will be destroyed.
   d. Mandate Defendants to outline the measures being implemented to prevent similar violations in the future concerning their customers.
   e. Award Plaintiff actual damages in the amount of $350,000
   f. Grant Plaintiff the maximum economic, non-economic, actual, statutory, emotional, general, punitive, and other damages available under the law.
   g. Award Plaintiff attorney fees with the appropriate multiplier plus costs and expenses of litigation.
   h. Issue a judicial determination of the rights, duties, and obligations of the parties hereto.
   i. Enjoin Defendant from further acts that violate the privacy and data protection rights of Plaintiff.
   j. Award such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that the Court hears this motion and, after proper notice and hearing, grant a Default Judgment against the Defendants, Experian PLC/Toyota Financial Services, and award Plaintiff relief sought.

Respectfully submitted,

Gilbert Graim, Plaintiff
537 Whetstone Street
Desoto, TX 75115

12/5/24

graimsolutions@gmail.com

footer**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**                    **Page 2 of 2**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 94279973
Filing Code Description: Original Petition
Filing Description:
Status as of 11/20/2024 4:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 11/14/2024 9:29:47 AM | SENT |
| Darryl Gibson | | dgibson@experian.com | 11/14/2024 9:29:47 AM | SENT |

DC-24-20229

CAUSE NO. _____

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | |
| **Defendant.** | § | **101st____JUDICIAL DISTRICT** |

## ORDER GRANTING MOTION FOR DEFAULT JUDGEMENT

ON THIS DAY, the court considered the Motion for Default Judgement filed by Plaintiff. The court finds a good cause to grant a Default Judgement. Accordingly, it is,

**ORDERED** that the Motion for Default Judgement is **GRANTED** in its filed and original entirety.

**SIGNED THIS** _____day of _____2024.


_____
PRESIDING JUDGE

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **EXPERIAN, PLC**
       **475 ANTON BLVD**
       **COSTA MESA, CALIFORNIA  92626**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GILBERT GRAIM JR.**

Filed in said Court  **5th day of November, 2024** against

**EXPERIAN, PLC AND TOYOTA MOTOR CREDIT CORPORATION D/B/A TOYOTA FINANCIAL SERVICES**

For Suit, said suit being numbered **DC-24-20229,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of December, 2024.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By_____, Deputy
             DANIEL MACIAS

---

**ESERVE**

**CITATION**

====================

**DC-24-20229**

====================

**GILBERT GRAIM, Jr**
**vs.**
**EXPERIAN, PLC, et al**

ISSUED THIS
**6th day of December, 2024**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff (PRO-SE)**
**GILBERT GRAIM JR.**
537 WHETSTONE ST
DESOTO TX  75115
469-503-6935
**graimsolutions@gmail.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-24-20229

Court No.101st District Court

Style: GILBERT GRAIM, Jr

 vs.

EXPERIAN, PLC, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of _____ County, _____ | |
| For Notary | $_____ | By _____ Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this  _____ day of  _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public  _____ County  _____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    **TOYOTA MOTOR CREDIT CORPORATION D/B/A TOYOTA FINANCIAL SERVICES**
       **6565 HEADQUARTERS DRIVE**
       **PLANO, TEXAS 75024**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **GILBERT GRAIM JR.**

Filed in said Court  **5th day of November, 2024** against

**EXPERIAN, PLC AND TOYOTA MOTOR CREDIT CORPORATION D/B/A TOYOTA FINANCIAL SERVICES**

For Suit, said suit being numbered <u>**DC-24-20229,**</u> the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of December, 2024.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____ , Deputy
         DANIEL MACIAS



---

<u>**ESERVE**</u>

**CITATION**

**DC-24-20229**

**GILBERT GRAIM, Jr**
**vs.**
**EXPERIAN, PLC, et al**

ISSUED THIS
**6th day of December, 2024**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff (PRO-SE)**
**GILBERT GRAIM JR.**
537 WHETSTONE ST
DESOTO TX  75115
469-503-6935
**graimsolutions@gmail.com**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-24-20229

Court No.101st District Court

Style: GILBERT GRAIM, Jr

 vs.

EXPERIAN, PLC, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
12/13/2024 4:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY
Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | **District Court**<br>**Clerk of the District Court of Dallas County, Texas**<br>**Dallas County, Texas** | | |
|---|---|---|---|
| Plaintiff | **GILBERT GRAIM JR.** | Cause # | **DC-24-20229** |
| Defendant(s) | **EXPERIAN, PLC, TOYOTA MOTOR CREDIT CORPORATION, TOYOTA FINANCIAL SERVICES** | Came to Hand Date/Time | **12/11/2024    7:51 PM** |
| Manner of Service | **Personal** | Service Date/Time | **12/12/2024    1:34 PM** |
| Documents | **CITATION; PETITION** | Service Fee: | **$85.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **12/12/2024** at **1:34 PM**: I served **CITATION and PETITION** upon **Toyota Motor Credit Corporation** by delivering **1** true and correct copy(ies) thereof, with **Toyota Motor Credit Corporation, I delivered the documents to William Tierica who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 140-160 lbs.  Document was delivered to tierica Williams received it at 1999 Bryan Street #900, Dallas, TX 75201.**

My name is: **Benjamin Uhunoma**, I am at least 18 years old, and

My address is: **2612 Country Ridge Ln, Arlington, TX 76006**, USA.

My process server identification # is: **PSC-24929**. My Certification expires: **9/30/2026**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in ___Dallas_____ county, TX.

_____    ___12/12/2024_____

Benjamin Uhunoma    Date Executed

Ref **REF-18176176**

0151573730

txefile@abclegal.com



Gilbert Graim
<ggraim1@yahoo.com>

Tracking # **0151883271**



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95317032
Filing Code Description: Return Of Service
Filing Description: AFFIDAVIT O F SERVICE - EXECUTED CITATION - TOYOTA MOTOR CREDIT CORP.
Status as of 12/16/2024 12:55 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 12/13/2024 4:48:23 PM | NOT SENT |
| Darryl Gibson | | dgibson@experian.com | 12/13/2024 4:48:23 PM | NOT SENT |
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 12/13/2024 4:48:23 PM | NOT SENT |

FILED
12/13/2024 4:41 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Janieshia Reed DEPUTY
Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | District Court<br>Clerk of the District Court of Dallas County, Texas<br>Dallas County, Texas | |
|---|---|---|
| Plaintiff | GILBERT GRAIM JR. | Cause #<br>**DC-24-20229** |
| Defendant(s)<br>EXPERIAN, PLC, TOYOTA MOTOR CREDIT CORPORATION, TOYOTA FINANCIAL SERVICES | | Came to Hand Date/Time<br>**12/10/2024    5:37 PM** |
| Manner of Service<br>**Personal** | | Service Date/Time<br>**12/12/2024    12:28 PM** |
| Documents<br>CITATION; PETITION | | Service Fee:<br>**$127.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein. The following information is based on personal knowledge.

On **12/12/2024** at **12:28 PM**: I served **CITATION and PETITION** upon **Experian, PLC** by delivering **1** true and correct copy(ies) thereof, with **Experian, PLC, I delivered the documents to Fernando Ajuilar who identified themselves as the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired Hispanic male contact 25-35 years of age, 5'4"-5'6" tall and weighing 140-160 lbs** at 475 Anton Blvd, Costa Mesa, CA 92626.

My name is: **Fedaa Almashal**, I am at least 18 years old, and

My address is: **PO Box 4871, Anaheim, CA 92803**, USA.

My process server identification # is: **PSC#6400**. My Certification expires: **12/18/2025**.

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Declaration executed in NA _____ county, TX.

_____
Fedaa Almashal

12/12/2024
_____
Date Executed




FILED
1/3/2025 12:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Zariya LeSueur DEPUTY

DC-24-20229

CAUSE NO. _____

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | |
| **Defendant.** | § | **101st    JUDICIAL DISTRICT** |

## MOTION FOR DEFAULT JUDGEMENT

NOW COMES,  Gilbert Graim Jr. ("Plaintiff" or "Graim"), filing this Motion for Default Judgement, and hearby moves the court to enter a Default Judgement against Defendants Experian PLC and Toyota Motor Credit Corporation ("Defendants" or "Defendant") and as grounds thereof states following:

1. The plaintiff filed his original petition on November 05, 2024
2. The defendant was served with process on December 12, 2024, as shown by the Return Service Filed with the court.
3. As of the date of this motion, the Defendants have failed to file an answer or otherwise plead to plaintiff's original petition within the time required by law, and the time for answering has expired.
4. Defendants aren't minors, aren't incompetent, and is not in the military service or otherwise exempted from default judgement under the Servicemembers Civil Relief Act.
5. Plaintiff requests that the court grant a Default Judgement against the Defendants and award Plaintiff the relief sought:
   a. Order the removal of the account in question with Toyota Financial Services and any negative remarks reported by Toyota Financial Services.
   b. Compel Defendants to provide a thorough investigation report detailing how the disclosure of Plaintiff's personal sensitive information occurred.
   c. Require Defendants to demonstrate the steps that have been taken to ensure the Plaintiff's information has not been sent

to any unauthorized parties and that the information that was
released has been or will be destroyed.

d. Mandate Defendants to outline the measures being
implemented to prevent similar violations in the future
concerning their customers.

e. Award Plaintiff actual damages in the amount of $350,000

f. Grant Plaintiff the maximum economic, non-economic,
actual, statutory, emotional, general, punitive, and other
damages available under the law.

g. Award Plaintiff attorney fees with the appropriate multiplier
plus costs and expenses of litigation.

h. Issue a judicial determination of the rights, duties, and
obligations of the parties hereto

i. Enjoin Defendants from further acts that violate the privacy
and data protection rights to Plaintiff.

j. Award such other and further relief as the Court deems just
and proper

(469) 503-6935
grcaimsolutions@gmail.com

DC-24-20229

CAUSE NO. _____

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | |
| **Defendant.** | § | **101ˢᵗ      JUDICIAL DISTRICT** |

## ORDER GRANTING DEFAULT JUDGEMENT

ON THIS DAY, the court considered the Motion for Default Judgement filed by Plaintiff. The court finds a good cause to grant a Default Judgement Accordingly, it is,

**ORDERED** that the Motion for Default Judgement is **GRANTED** in its filed and original entirety.

**SIGNED THIS** _____day of _____2025.


_____
PRESIDING JUDGE


**PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**                    **Page 1 of 1**

FILED
1/6/2025 9:57 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nia Searl DEPUTY

**CAUSE NO. DC-24-20229**

| | |
|---|---|
| GILBERT GRAIM, JR., | IN THE DISTRICT COURT |
| Plaintiff, | 101st JUDICIAL DISTRICT |
| v. | DALLAS COUNTY, TEXAS |
| EXPERIAN, PLC, TOYOTA MOTOR CREDIT CORP. d/b/a TOYOTA FINANCIAL SERVICES, | |
| Defendants. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S
MOTION FOR EXTENSION OF TIME**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian")[1], incorrectly identified as Experian, plc, and, pursuant to Rule 500.5(c) of the Texas Rules of Civil Procedure, moves for an extension of time in which to respond to Plaintiff's Complaint.  In support thereof, Experian would show the Court as follows:

1.    This is Experian's first motion for extension and is not offered for the purpose of delay.

2.    Experian intends to remove this matter to the United States District Court for the Northern District of Texas and the time period to do so has not expired. An extension will avoid the necessity of duplicative pleadings.

3.    The intervening holidays resulted in a delay.

4.    Experian attempted to secure a brief extension from the Plaintiff, who declined.

---

[1] Plaintiff names "Experian, PLC" as the Defendant.  Experian plc is a foreign corporation and the ultimate parent of Experian Information Solutions, Inc. ("Experian").  The allegations contained within the Complaint are allegations against Experian, which is a credit reporting agency and service was made upon Experian at its headquarters in Costa Mesa, CA and not on Experian PLC.

5.    Based on the foregoing, Experian requests a thirty (30) day extension to file its responsive pleading.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that this Court grant its Motion for Extension of Time and allow it to respond to the lawsuit on or before February 5, 2025.

Dated: January 6, 2025.                    Respectfully submitted,

**MARTIN GOLDEN LYONS WATTS MORGAN PLLC**
_/s/ Xerxes Martin_
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
8750 North Central Expressway
North Park Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR EXPERIAN INFORMATION SOLUTIONS, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January 2025, a true and correct copy of the foregoing was electronically filed and sent via U.S. Mail to the following:

Gilbert Graim, Plaintiff *Pro Se*
537 Whetstone Street
Desoto, TX 75115

_/s/Xerxes Martin_
Xerxes Martin

2

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Monsivais on behalf of Eugene Martin, IV
Bar No. 24078928
lmonsivais@mgl.law
Envelope ID: 95870128
Filing Code Description: Motion - Continuance
Filing Description:
Status as of 1/6/2025 10:38 AM CST

Associated Case Party: EXPERIAN, PLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Darryl Gibson | | dgibson@experian.com | 1/6/2025 9:57:57 AM | SENT |

Associated Case Party: TOYOTA MOTOR CREDIT CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 1/6/2025 9:57:57 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 1/6/2025 9:57:57 AM | SENT |

**CAUSE NO. DC-24-20229**

| | |
|---|---|
| GILBERT GRAIM, JR., | **IN THE DISTRICT COURT** |
| Plaintiff, | **DALLAS COUNTY, TEXAS** |
| v. | **101st JUDICIAL DISTRICT** |
| EXPERIAN, PLC, TOYOTA MOTOR CREDIT CORP. d/b/a TOYOTA FINANCIAL SERVICES, | |
| Defendants. | |

### [PROPOSED] ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR EXTENSION OF TIME

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Extension of Time. Upon due consideration, Experian Information Solutions, Inc.'s Motion is GRANTED. Experian Information Solutions, Inc. shall have up to and including February 5, 2025, to respond to Plaintiff's Petition.

It is so ORDERED.

_____          _____
Date                                                                JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Laura Monsivais on behalf of Eugene Martin, IV
Bar No. 24078928
lmonsivais@mgl.law
Envelope ID: 95871136
Filing Code Description: Proposed Order/Judgment
Filing Description: PROPOSED ORDER ON DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.S MOTION FOR EXTENSION OF TIME
Status as of 1/6/2025 11:29 AM CST

Associated Case Party: EXPERIAN, PLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Darryl Gibson | | dgibson@experian.com | 1/6/2025 10:08:11 AM | SENT |

Associated Case Party: TOYOTA MOTOR CREDIT CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 1/6/2025 10:08:11 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 1/6/2025 10:08:11 AM | SENT |

FILED
1/6/2025 10:52 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Zariya LeSueur DEPUTY

DC-24-20229

CAUSE NO. _____

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | |
| **Defendant.** | § | **101st    JUDICIAL DISTRICT** |

## PLAINTIFF'S RESPONSE TO DEFENDANT EXPERIAN INFORMAITON SERVICES, INC.'S MOTION FOR EXTENSION OF TIME

NOW COMES, Gilbert Graim Jr. ("Plaintiff" or "Graim"), submits this Response in Opposition to Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Extension of Time and respectfully shows the Court as follows:

# I.   BACKGROUND

1. Defendants Experian and Toyota have failed to timely file a responsive pleading or otherwise engage meaningfully to resolve this matter. Despite Plaintiff's good-faith efforts, Defendants' delays have persisted, necessitating Plaintiff's Motion for Default Judgement, which this Court has already set for a hearing on **January 31, 2025, at 1:30pm.**

2. Defendant now seeks a 30-day extension to file its responsive pleading, citing intervening holidays, a potential removal to federal court, and Plaintiff's refusal to a consent to an extension. However, none of these reasons justify the requested delay, and granting it would unfairly prejudice Plaintiff and interfere with the scheduled hearing.

# II.   ARGUMENT AND AUTHORITIES

3. Disruption of the scheduled default judgement hearings: The Court has already set a hearing on Plaintiff's Motion for Default

Judgement for January 31, 2025, at 1:30pm. Granting Defendant's request for a 30-day extension, which would extend its deadline to February 5, 2025, would render the scheduled hearing moot, delay resolution of this case, and waste judicial resources.

4. Prolonging Plaintiff's Harm: Plaintiff has already suffered significant harm due to Defendant's inaction and failure to resolve this matter. Further delays would compound this harm and deny Plaintiff the timely resolution to which he is entitled.

5. The defendant's request for an extension appears to be a delay tactic rather than a genuine need for additional time. Allowing this extension would reward Defendant's lack of diligence and interfere with the orderly administration of justice. Plaintiff has complied with all procedural requirements and deadlines and should not be penalized for Defendant's failure to do the same.

### III.    CONCLUSION

6. Defendant Experian Information Solutions, Inc., has not shown good cause for its requested extension of time. Granting the extension would prejudice the Plaintiff, interfere with the court's scheduled hearing, and delay the fair and efficient resolution of this case. The Plaintiff respectfully requests that the Court deny Defendant's Motion for Extension of Time and allow the case to proceed as scheduled.

WHEREFORE, Plaintiff respectfully prays that this court deny Defendant Experian Information Solutions, Inc.'s Motion for Extension of Time; proceed with the hearing on Plaintiff's Motion for Default Judgement as scheduled on January 31, 2025, at 1:30pm; and Grant Plaintiff such other and further relief as the Court deems just and proper.

Respectfully Submitted,
Gilbert Graim, Jr.

(469) 503-6935
graimsolutions@gmail.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95874087
Filing Code Description: Response
Filing Description: PLAINTIFF'S/ TO DEF'S MOTION FOR EXTENSION OF TIME
Status as of 1/6/2025 11:50 AM CST

Associated Case Party: EXPERIAN, PLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Allie Voehringer | | allie.voehringer@troutman.com | 1/6/2025 10:52:46 AM | SENT |

Associated Case Party: TOYOTA MOTOR CREDIT CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 1/6/2025 10:52:46 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 1/6/2025 10:52:46 AM | SENT |

FILED
1/6/2025 11:04 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kryshawna Charleston DEPUTY

DC-24-20229

CAUSE NO. _____

| | | |
|---|---|---|
| Gilbert Graim Jr. | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| Experian, PLC | § | |
| Toyota Motor Credit CORP.; d/b/a | § | |
| Toyota Financial Services | § | |
| **Defendant.** | § | **101st    JUDICIAL DISTRICT** |

## NOTICE OF HEARING

NOTICE OF HEARING OF MATTER: Plaintiff's Motion for Default Judgement against Defendant Experian and Toyota Motor Credit Corp. Any other matters properly before the court. You are required to appear at the hearing if you wish to address the issues listed above or present any response. Failure to appear may result in the Court granting the relief requested by Plaintiff.

## HEARING DATE: JANUARY 31, 2025, AT 1:30PM

Submitted, Served, and Efiled on January 6, 2025



(469) 503-6935
graimsolutions@gmail.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 95875810
Filing Code Description: Notice Of Submission
Filing Description: RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
Status as of 1/6/2025 12:46 PM CST

Associated Case Party: EXPERIAN, PLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Allie Voehringer | | allie.voehringer@troutman.com | 1/6/2025 11:04:49 AM | SENT |

Associated Case Party: TOYOTA MOTOR CREDIT CORPORATION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Fleming | | dfleming@wongfleming.com | 1/6/2025 11:04:49 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 1/6/2025 11:04:49 AM | SENT |

FILED
1/6/2025 1:04 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Nia Searl DEPUTY

CAUSE NO.: DC-24-20229

| | |
|---|---|
| **GILBERT GRAIM JR.,** | **IN THE 101ˢᵗ DISTRICT COURT OF** |
| **Plaintiff,** | |
| **v.** | **DALLAS COUNTY, TEXAS** |
| **EXPERIAN, PLC; TOYOTA MOTOR CREDIT CORP.; d/b/a TOYOTA FINANCIAL SERVICES** | **DEFENDANT TOYOTA MOTOR CREDIT CORPORATION d/b/a TOYOTA FINANCIAL SERVICES'S** |
| **Defendant.** | **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

**NOW COMES** Defendant, Toyota Motor Credit Corporation d/b/a Toyota Financial Services ("TMCC"), named Defendant in the above-entitled and numbered cause, and files this Original Answer, and shows the Court:

## A. GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's Complaint, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

## B. PRAYER.

Defendant prays the Court, after notice and hearing or trial, enters judgment in favor of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or in equity.

Respectfully submitted,

**WONG FLEMING**

By: _/s/James K. Haney_____

James K. Haney, Esq. (24136651)
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
P: (609) 951-9520
F: (609) 951-0270
jhaney@wongfleming.com
*Attorneys for Defendant, Toyota Motor Credit*
*Corporation d/b/a Toyota Financial Services*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 95885403
Filing Code Description: Original Answer - General Denial
Filing Description:
Status as of 1/6/2025 2:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Allie Voehringer | | allie.voehringer@troutman.com | 1/6/2025 1:04:53 PM | SENT |
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 1/6/2025 1:04:53 PM | SENT |

FILED
1/6/2025 12:56 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kryshawna Charleston DEPUTY

## CAUSE NO.: DC-24-20229

| | |
|---|---|
| **GILBERT GRAIM JR.,** | **IN THE 101st DISTRICT COURT OF** |
| **Plaintiff,** | |
| **v.** | **DALLAS COUNTY, TEXAS** |
| **EXPERIAN, PLC; TOYOTA MOTOR CREDIT CORP.; d/b/a TOYOTA FINANCIAL SERVICES** | **NOTICE OF APPEARANCE** |
| **Defendant.** | |

**PLEASE TAKE NOTICE** that James K. Haney of Wong Fleming, hereby appears in this action on behalf of Toyota Motor Credit Corp. d/b/a Toyota Financial Services. All papers in this Action should be served upon the undersigned at the address below.

Dated: January 6, 2025

Respectfully submitted,

**WONG FLEMING**

By: */s/James K. Haney*
James K. Haney, Esq. (24136651)
821 Alexander Road, Suite 200
Princeton, New Jersey 08540
P: (609) 951-9520
F: (609) 951-0270
jhaney@wongfleming.com
*Attorneys for Defendant, Toyota Motor Credit Corporation d/b/a Toyota Financial Services*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James Haney on behalf of James Haney
Bar No. 24136651
jhaney@wongfleming.com
Envelope ID: 95884834
Filing Code Description: Notice Of Appearance
Filing Description: RE: DEFENDANT TOYOTA FINANCIAL SERVICES'
COUNSEL
Status as of 1/6/2025 3:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Allie Voehringer | | allie.voehringer@troutman.com | 1/6/2025 12:56:16 PM | SENT |
| GILBER GRAIM JR. | | graimsolutions@gmail.com | 1/6/2025 12:56:16 PM | SENT |