UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GILBERT GRAIM, JR., <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN, PLC, TOYOTA MOTOR CREDIT CORP. d/b/a TOYOTA FINANCIAL SERVICES, <br><br> Defendants. | Case No. 3:25-cv-00035-N-BT |

## JOINT OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Now comes Defendants Toyota Motor Credit Corp. ("TMCC") and Experian Information Solutions, Inc., ("Experian") improperly pleaded as Experian PLC (jointly "Defendants") and through the undersigned counsel hereby files this response to Plaintiff Gilbert Graim, Jr.'s ("Plantiff") motion to remand this case pursuant to 28 U.S.C. § 1447(c).

## INTRODUCTION

1. Plaintiff filed this lawsuit in the 101st Judicial District Court of Dallas County, Texas on or about November 5, 2024, asserting claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, against Toyota Motor Credit Corp. and Experian.

2. The Summons and Complaint in the Civil action were served on both Toyota Motor Credit Corporation and Experian on December 12, 2024.

3. Plaintiff's Complaint involves claims arising under Fair Credit Reporting Act ("FCRA") 15 U.S.C§ 1681, *et seq*. Therefore, this Court has original jurisdiction under 28 U.S.C

§ 1331 and the case is removable by the Defendants pursuant to 28 U.S.C §1441, as the matter arises under this Court's original jurisdiction.

4.  Defendant Experian timely filed a notice of removal on January 6, 2025, pursuant to 28 U.S.C § 1446(1) with the express written consent of TMCC. *See* Ex. A-B.

5.  In his motion to remand, Plaintiff conceded that this Court has subject matter jurisdiction.

6.  Plaintiff claims that the removal was procedurally defective and warrants a remand, however, he fails to provide any defect in the removal filing.

7.  As courts have repeatedly held, removal statutes are intended to protect defendant's right to access to federal courts where jurisdictional requirements are met.

8.  Here, Plaintiff's claim of procedural defect is unwarranted, flawed, and does not have any factual or legal basis.

9.  Accordingly, Plaintiff's motion to remand should be denied in its entirety.

## LEGAL STANDARD FOR REMAND

Unless otherwise expressly provided by Act of Congress, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction," may be removed by the defendant to the District Court of the United States. 28 U.S.C. § 1441(a) and 28 U.S.C § 1446. A case removed pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 and can only be remanded pursuant to 28 U.S.C. § 1447(c). *Thermotron Prods. v. Hermansdorfer,* 423 U.S. 336, 342. (1976). 28 U.S.C. § 1447(c) provides in pertinent part "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded. 28 U.S.C § 1447(c). Even though a moving party has the burden of showing that the jurisdiction exists and removal was proper, any ambiguities are resolved in favor of removal. *Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014). Consideration of judicial efficiency or delaying of remedies sought by plaintiff has no bearing on the remand decision. *Thermotron Prods.*, 423 U.S. at 344 (1976).

## ARGUMENTS

**I.   Federal Question Jurisdiction Exist Under 28. U.S.C. 28 § 1331.**

The FCRA is a federal statute that exclusively governs the claims Plaintiff has asserted in this case and courts consistently hold that FCRA claims fall under the purview of federal question jurisdiction.

The FCRA provides a private right of action for individuals, and such claims are inherently federal in nature. *Mims v. Arrow Fin. Serv., LLC,* 565 U.S. 368, 377 (2012). Here, Plaintiff conceded in his motion that this Court's original jurisdiction and subject matter jurisdiction exists.

**II.   Defendants Fully Complied with Procedural Requirements for Removal.**

In a case where the federal court has original jurisdiction, defendants are entitled to remove such claims to federal court pursuant to 28 U.S.C. § 1441(a), and procedure by which to do so is provided by 28 U.S.C. § 1446.

Federal statutes govern the removal procedures and state procedural requirement cannot alter federally mandated process. *See Shamrock Oil &Gas v. Sheets*, 313 U.S. 100, 102 (1941) (holding that the Act of congress must be construed as setting up its own criteria, irrespective of local law, for determining in what suits are to be removed from the state to the federal court).

Plaintiff claims that removal was procedurally defective without even suggesting any defect in removal procedure. However, Defendant Experian meticulously adhered to removal procedure mandated by 28 U.S.C § 1446. In support hereof Defendants aver:

1. On or about November 14, 2024, Plaintiff filed the Complaint in Dallas County District Court (the "state court action").

2. The Summons and Complaint in the state court action were served on both TMCC and Experian on December 12, 2024.

3. By operation of Texas Rule of Civil Procedure 99(b), Defendants' responsive pleading deadline was January 6, 2025. Tex. R. Civ. P. 99(b).

4. Despite the fact that Experian and TMCC were not in default on January 3, 2025, Plaintiff nonetheless filed a Motion for Default, falsely alleging that Experian and TMCC were in default.

5. On January 6, 2025, Defendant Experian timely filed the notice of removal, which is within the time prescribed by 28 U.S.C. § 1446(b)(1) — 30 days.

6. Plaintiff's Complaint involves claims arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. *See* Compl. at 3. Thus, this civil action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which is removable by Experian under the provisions of 28 U.S.C. § 1441, in that the matter arises under this Court's original jurisdiction , is founded on a claim or right arising under the Constitution, treaties, or laws of the United States, and is removable without regard to citizenship or residence of the parties.

Plaintiff does not point to or indicate that there is any defect in procedure cited above. Rather, he claims that Defendant Experian's failure to respond to the claim in state court within the time prescribed by Texas Rule of Civil Procedure 99(b) is a procedural defect.  Notably, the deadline for a response in state court was January 6, 2025, the date on which Defendants removed

this matter; Defendants were not in default. Furthermore, under Federal Rule of Civil Procedure 81, a removing party gets no less than an additional 7 days to answer/respond to a complaint following removal. FRCP 81. So, any suggestion to the contrary ignores the federal rules on pleadings. A procedural defect only includes procedures mandated by 28 U.S.C. § 1446, and state procedural requirements cannot alter federally mandated procedures. *Thermotron Prods. v. Hermansdorfer*, 423 U.S. 336, 342 (1976).

Plaintiff contends that failure to respond to a complaint in a state court is a bad faith action requiring remand, citing *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough LLP,* F.3d 1244 (11th Cir. 2014). However, in contrast to Plaintiff's contention, *Yusefzadeh* does not involve a failure to respond a complaint. Rather, the issue was whether the defendant waived its right to removal by filing a motion to dismiss. *Id*. at *1246*.

In *Yusefzadeh*, the court posits that when facing the dilemma of conflicted state and federal procedural timelines, a defendant has three options: (1) remove the action and file the motion in the Federal Court within the 20 days prescribed by the State procedure, (2) file the motion in the State Court and seek immediate removal, or (3) request an extension to file a responsive pleading prior to removing. *Id*. at 247. The court held that choosing one of the options available does not preclude removal and does not constitute a waiver of the defendant's right to proceed in the federal forum. *Id*. at *247*.

Plaintiff also claims that defendant Experian's request for extension to answer the claim was in bad faith. However, as the *Yusefzadeh* court explained, this is one of the options available to defendant facing conflicted timeframes prescribed by state and federal procedural rules. Even though the *Yusefzadeh* court did not specifically address the request of an extension of time, its holding clearly indicates that choosing one option or another does not preclude defendant from removing the action. *Id*. at *247*. Moreover, requesting an extension of the time is most judicious

option because substantially participating in the state proceeding may bar removal. *See Metropolitan Casualty Ins. Co. v. Stevens, 312 U.S. 563* (1941).

Plaintiff's claim does not comport with the logic, law, or facts of the case. The only thing the Defendants did in this case is specifically follow the rule and procedure mandated by law.

Bad faith removal requires clear and convincing evidence that the defendant acted with improper motive. *Roberson v. Respironics, Inc.,* No. 4:20-CV-174-DMB-JMV, 2021 U.S. Dist. LEXIS 101540 (N.D. Miss. 2021). Even though bad faith removal requires clear and convincing evidence, the Plaintiff is unable to point out any evidence of bad faith action. He alleges that Defendants removal was an attempt to delay proceedings and "circumvent" their state court responsibilities. However, Defendants' removal was proper under 28 U.S.C. § 1446 and was filed in advance of any state court deadlines. Experian received consent from co-Defendant TMCC and immediately filed for removal. *See* Ex. A-B. Therefore, his claim of bad faith has no merit in fact.

### III.     Policy Consideration for Retaining the Jurisdiction.

The federal court retaining jurisdiction over this case serves the interests of judicial economy and consistency, especially where the law applies to a wide array of parties and complex laws which require such expertise and consistency.

Given the intricacies of the FCRA, including its procedural mandates and regulatory nuances, federal courts are better equipped to interpret and enforce the law. *Mims V. Arrow Financial Servis, LLC,* 565 U.S. 368 (2012) (reaffirming the federal court's jurisdiction over a case in which federal interest is involved in interpreting and enforcing federal statutes). Plaintiff claims that an alleged procedural defect outweighs the policy considerations but is unable to provide proof of the defect.

### IV. Pro Se Status and Prejudice Argument.

A pro se Plaintiff's status does not affect the jurisdictional analysis and does not deprive the federal court of its jurisdiction, as federal law is involved. *Bush v. United States*, 627 F. App'x 928 (Fed. Cir. 2016). For example, in *Haines,* the Supreme Court held that pro se litigants should be given liberal treatment. *Haines v. Kerner*, 404 U.S. 519 (1972). However, this does not alter the fundamental principal that federal jurisdiction applies when federal law is involved.

Here, Plaintiff argues that removal of the case to federal court puts undue burden on him. However, simply invoking the rights prescribed by the law cannot be described as an undue burden. Plaintiff asks the Court to ignore the procedure provided by law merely because he is a pro se litigant, despite the fact that Defendants asserted their right to remove in the manner prescribed by law.

### CONCLUSION

For the forgoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's motion to remand and allowed the case to proceed in federal court.

The FCRA properly confers jurisdiction on this court and removal was timely, proper, and made in good faith. Defendants respectfully submit that the interests of judicial economy, federal expertise, and consistency in the application of the federal law warrant the continuation of the case in the federal court.

Date: January 30, 2025

**MARTIN GOLDEN LYONS WATTS MORGAN PLLC**

/s/ *Xerxes Martin*
Eugene Xerxes Martin, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
8750 North Central Expressway
North Park Central, Suite 1850
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

**TROUTMAN PEPPER LOCKE LLP**

/s/ Steven R. Zahn
Steven R. Zahn
Virginia State Bar No. 43332-VA
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: 757-687-7589
Facsimile: 757-687-7510
Email: steve.zahn@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc.*


**WONG FLEMING**

/s/ James K. Haney
James K. Haney, Esq.
Texas Bar No. 24136651
821 Alexander Road, Suite 200
Princeton, New Jersey 08543-3663
Tel. (609) 951-9520
Fax (609) 951-0270
Email: jhaney@wongfleming.com

*Counsel for Defendant Toyota Motor Credit Corp. d/b/a Toyota Financial Services*

## CERTIFICATE OF WORD COUNT

The undersigned certifies that the word count for foregoing Memorandum is 1888, not including the case caption, signature block and certificates, using the Word Count feature in Microsoft Word.

/s/ *Xerxes Martin*
Eugene Xerxes Martin, IV

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January 2025, a true and correct copy of the foregoing Memorandum in Opposition to Plaintiff's Motion to Remand was filed electronically via the Court's CM/ECF system, and was sent via U.S. Mail and or electronic mail to the following:

Gilbert Graim, Plaintiff *Pro Se*
537 Whetstone Street
Desoto, TX 75115
graimsolutions@gmail.com

/s/ *Xerxes Martin*
Eugene Xerxes Martin, IV