## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| GILBERT GRAIM<br><br>                Plaintiff,<br><br>        v.<br><br>EXPERIAN, PLC, TOYOTA MOTOR<br>CREDIT CORP. d/b/a TOYOTA<br>FINANCIAL SERVICES,<br><br>                Defendants. | Civil Action No. 3:25-CV-00035-N-BT |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Gilbert Graim's ("Plaintiff") Complaint (the "Complaint") as follows.

1.      In response to paragraph 1, page 1 of the Complaint, Experian admits that the Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA"), the Fair and Accurate Credit Transactions Act ("FACTA"), The Gramm-Leach-Bliley Act ("GLBA"), unspecified Texas state laws, and Consumer Financial Protection Bureau ("CFPB" regulations. Experian further admits that the Complaint seeks damages.  Experian denies that it has violated the FCRA, FACTA, GLBA, Texas state laws, or CFPB regulations and denies that it is liable to Plaintiff for any alleged damages.

### I.      Introduction

2.      In response to paragraph 2, page 1 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 2, page 1 of the Complaint that relate to another defendant, Experian lacks

knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

3.      In response to paragraph 3, page 1 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 2, page 1 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

## II.    Jurisdiction

4.      In response to paragraph 4, page 1 of the Complaint, Experian admits that the Plaintiff has alleged jurisdiction is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, page 1 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      In response to paragraph 1, page 2 of the Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, page 2 of the Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## III.    Parties

4.      In response to paragraph 2, page 2 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

5.      In response to paragraph 3, page 2 of the Complaint, Experian states that it does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

6.      In response to paragraph 4, page 2 of the Complaint, Experian admits that it is a corporation with a principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.  Experian further denies that it is incorporated under the laws of the "State of Ireland" and is a citizen of the "State of Ireland."

### IV.    General Allegations

7.      In response to paragraph 5, page 2 of the Complaint, Experian admits the Plaintiff disputed a Toyota account.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

8.      In response to paragraph 6, page 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 7, page 2 of the Complaint, Experian admits Plaintiff submitted a complaint to the Consumer Financial Protection Bureau regarding the Toyota account. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

10.      In response to paragraph 8, page 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 9, page 2, Experian denies, generally and specifically, the allegations of this paragraph.

12.      In response to paragraph 10, page 2 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to

form a belief about the truth of the allegations and therefore denies each and every allegation therein.

13.    In response to paragraph 11, page 2 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

14.    In response to paragraph 12, page 2, Experian denies, generally and specifically, the allegations of this paragraph.

15.    In response to paragraph 1, page 3, of the Complaint, Experian admits that the Complaint seeks damages.  As to the remaining allegations of this paragraph, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

### Count One: Violation of the Fair Credit Reporting Act (FCRA)

16.    In response to paragraph 2, page 3 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

17.    In response to paragraph 3, page 3 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of the federal FCRA. Experian affirmatively states that the FCRA speaks for itself and, on that basis, denies any allegations of paragraph 3, page 3 inconsistent therewith.

18.    In response to paragraph 4, page 3 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

19.     In response to paragraph 5, page 3 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

20.     In response to paragraph 6, page 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 7, page 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 8, page 3 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

23.     In response to paragraph 9, page 3 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

24.     In response to paragraph 10, page 3 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

25.     In response to paragraph 11, page 3 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

26.     In response to paragraph 12, page 3 of the Complaint, Experian admits that Plaintiff seeks relief under the FCRA.  Experian denies it violated the FCRA and that it is liable to Plaintiff for any alleged damages.   Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 12, page 3 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

**Count Two: Violation of the Fair and Accurate Credit Transactions Act (FACTA)**

27.     In response to paragraph 1, page 4 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

28.     In response to paragraph 2, page 4 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of the federal FACTA. Experian affirmatively states that the FACTA speaks for itself and, on that basis, denies any allegations of paragraph 2, page 4 inconsistent therewith.

29.     In response to paragraph 3, page 4 of the Complaint, Experian admits that it is a consumer reporting agency.  Experian further admits that the allegations contained therein appear to characterize or set forth a portion of the federal FACTA.  Experian affirmatively states that the FACTA speaks for itself and, on that basis, denies any allegations of paragraph 3, page 4 inconsistent therewith.

30.     In response to paragraph 4, page 4 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

31.     In response to paragraph 5, page 4 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

32.     In response to paragraph 6, page 4 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

33.     In response to paragraph 7, page 4 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to

form a belief about the truth of the allegations and therefore denies each and every allegation therein.

34.    In response to paragraph 8, page 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 8, page 4 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

35.    In response to paragraph 9, page 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 9, page 4 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

36.    In response to paragraph 10, page 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 10, page 4 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

37.    In response to paragraph 11, page 4 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 11, page 4 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

38.    In response to paragraph 12, page 4 of the Complaint, Experian admits that Plaintiff seeks relief under the FACTA.  Experian denies it violated the FACTA and that it is liable to Plaintiff for any alleged damages.  Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 13, page 4 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

**Count Three: Violation of the Gramm-Leach-Bliley Act (GLBA)**

39.    In response to paragraph 13, page 4 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

40.    In response to paragraph 1, page 5 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of the federal GLBA. Experian affirmatively states that the GLBA speaks for itself and, on that basis, denies any allegations of paragraph 1, page 5 inconsistent therewith.

41.    In response to paragraph 2, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

42.    In response to paragraph 3, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

43.    In response to paragraph 4, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

44.    In response to paragraph 5, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

45.    In response to paragraph 6, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

46.    In response to paragraph 7, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

47.    In response to paragraph 8, page 5 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 8, page 5 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

48.    In response to paragraph 9, page 5 of the Complaint, Experian admits that Plaintiff seeks relief under the GLBA.  Experian denies it violated the GLBA and that it is liable to Plaintiff

for any alleged damages.    Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 9, page 5 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

### Count Four: Texas Invasion of Privacy

49.    In response to paragraph 10, page 5 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

50.    In response to paragraph 11, page 5 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas privacy law. Experian affirmatively states that Texas privacy law speaks for itself and, on that basis, denies any allegations of paragraph 11, page 5 inconsistent therewith.

51.    In response to paragraph 12, page 5 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas privacy law. Experian affirmatively states that Texas privacy law speaks for itself and, on that basis, denies any allegations of paragraph 12, page 5 inconsistent therewith.

52.    In response to paragraph 13, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

53.    In response to paragraph 14, page 5 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to

form a belief about the truth of the allegations and therefore denies each and every allegation therein.

54.    In response to paragraph 1, page 6 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

55.    In response to paragraph 2, page 6 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

56.    In response to paragraph 3, page 6 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 3, page 6 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

57.    In response to paragraph 4, page 6 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

58.    In response to paragraph 5, page 6 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

59.      In response to paragraph 6, page 6 of the Complaint, Experian admits that Plaintiff seeks relief under Texas law.  Experian denies it violated Texas privacy law and that it is liable to Plaintiff for any alleged damages.  Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 6, page 6 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

### Count Five: Texas Negligence

60.      In response to paragraph 7, page 6 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

61.      In response to paragraph 8, page 6 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas tort law. Experian affirmatively states that Texas tort law speaks for itself and, on that basis, denies any allegations of paragraph 8, page 6 inconsistent therewith.

62.      In response to paragraph 9, page 6 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 9, page 6 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

63.      In response to paragraph 10, page 6 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas tort law. Experian affirmatively states that Texas tort law speaks for itself and, on that basis, denies any allegations of paragraph 10, page 6 inconsistent therewith.

64.    In response to paragraph 11, page 6 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

65.    In response to paragraph 12, page 6 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

66.    In response to paragraph 13, page 6 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas tort law. Experian affirmatively states that Texas tort law speaks for itself and, on that basis, denies any allegations of paragraph 13, page 6 inconsistent therewith.

67.    In response to paragraph 14, page 6 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 14, page 6 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

68.    In response to paragraph 15, page 6 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas tort law. Experian affirmatively states that Texas tort law speaks for itself and, on that basis, denies any allegations of paragraph 15, page 6 inconsistent therewith.

69.    In response to paragraph 16, page 6 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 16, page 6 of the Complaint that relate to another defendant, Experian

lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

70.    In response to paragraph 1, page 7 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 1, page 7 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

71.    In response to paragraph 2, page 7 of the Complaint, Experian admits that Plaintiff seeks relief under Texas tort law.  Experian denies it violated Texas tort law and that it is liable to Plaintiff for any alleged damages.  Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 6, page 6 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

### Count Six: Texas Breach of Contract

72.    In response to paragraph 3, page 7 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

73.    In response to paragraph 4, page 7 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of Texas contract law.  Experian affirmatively states that Texas contract law speaks for itself and, on that basis, denies any allegations of paragraph 4, page 7 inconsistent therewith.

74.    In response to paragraph 5, page 7 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the

allegations in paragraph 5, page 7 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

75.    In response to paragraph 6, page 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76.    In response to paragraph 7, page 7 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 7, page 7 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

77.    In response to paragraph 8, page 7 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 8, page 7 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

78.    In response to paragraph 9, page 7 of the Complaint, Experian admits that Plaintiff seeks relief under Texas contract law.  Experian denies it violated Texas contract law and that it is liable to Plaintiff for any alleged damages.  Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 9, page 7 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

79.     In response to paragraph 1, page 8 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

80.     In response to paragraph 2, page 8 of the Complaint, Experian admits that Plaintiff seeks relief under Texas contract law.  Experian denies it violated Texas contract law and that it is liable to Plaintiff for any alleged damages.  Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 2, page 8 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

### Count Seven: Texas Identity Theft Enforcement and Protection Act

81.     In response to paragraph 3, page 8 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

82.     In response to paragraph 4, page 8 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of the Texas Identity Theft Enforcement and Protection Act.  Experian affirmatively states that the Texas Identity Theft Enforcement and Protection Act speaks for itself and, on that basis, denies any allegations of paragraph 4, page 8 inconsistent therewith.

83.     In response to paragraph 5, page 8 of the Complaint, Experian admits that it is a business entity and that it possesses information concerning the Plaintiff.  Except as specifically admitted, Experian denies, generally and specifically, the remaining allegations of this paragraph.

84.     In response to paragraph 6, page 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the

allegations in paragraph 6, page 8 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

85.    In response to paragraph 7, page 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 7, page 8 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

86.    In response to paragraph 8, page 8 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

87.    In response to paragraph 9, page 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 9, page 8 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

88.    In response to paragraph 10, page 8 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 10, page 8 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

89.     In response to paragraph 11, page 8 of the Complaint, Experian admits that Plaintiff seeks relief under the Texas Identity Theft Enforcement and Protection Act.  Experian denies it violated the Texas Identity Theft Enforcement and Protection Act and that it is liable to Plaintiff for any alleged damages.   Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 11, page 8 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

## Count Eight: Violation of the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA)

90.     In response to paragraph 12, page 8 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

91.     In response to paragraph 1, page 9 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of the DTPA.  Experian affirmatively states that the DTPA speaks for itself and, on that basis, denies any allegations of paragraph 1, page 9 inconsistent therewith.

92.     In response to paragraph 2, page 9 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

93.     In response to paragraph 3, page 9 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

94.     In response to paragraph 4, page 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the

allegations in paragraph 4, page 9 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

95.    In response to paragraph 5, page 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 5, page 9 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

96.    In response to paragraph 6, page 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 6, page 9 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

97.    In response to paragraph 7, page 9 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 7, page 9 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

98.    In response to paragraph 8, page 9 of the Complaint, Experian admits that Plaintiff seeks relief under the DTPA.  Experian denies it violated the DTPA and that it is liable to Plaintiff for any alleged damages.   Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 8, page 9 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to

form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

**Count Nine: Violation of the Consumer Financial Protection Bureau (CFPB) Regulations**

99.     In response to paragraph 9, page 9 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

100.     In response to paragraph 10, page 9 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

101.     In response to paragraph 11, page 9 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

102.     In response to paragraph 12, page 9 of the Complaint, Experian admits that the allegations contained therein appear to characterize or set forth a portion of the CFPB regulations. Experian affirmatively states that the CFPB regulations speaks for themselves and, on that basis, denies any allegations of paragraph 12, page 9 inconsistent therewith.

103.     In response to paragraph 13, page 9 of the Complaint, Experian admits Plaintiff disputed a Toyota account.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

104.     In response to paragraph 1, page 10 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

105.     In response to paragraph 2, page 10 of the Complaint, Experian denies, generally and specifically, the allegations of this paragraph.

106.    In response to paragraph 3, page 10 of the Complaint, Experian states that the allegations relate to another defendant, and Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every allegation therein.

107.    In response to paragraph 4, page 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 4, page 10 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

108.    In response to paragraph 5, page 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 5, page 10 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

109.    In response to paragraph 6, page 10 of the Complaint, Experian admits that Plaintiff seeks relief under the CFPB regulations.  Experian denies it violated CFPB regulations and that it is liable to Plaintiff for any alleged damages.  Except as expressly admitted, Experian denies, generally and specifically, the allegations of this paragraph.  As to the allegations in paragraph 6, page 10 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

**Evidence of Damages**

110.    In response to paragraph 7, page 10 of the Complaint, Experian incorporates by reference, as if fully set forth herein, its responses above.

111.    In response to paragraph 8, page 10 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 8, page 10 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

112.    In response to paragraph 9, page 10 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

113.    In response to paragraph 10, page 10 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

114.    In response to paragraph 11, page 10 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

115.    In response to paragraph 1, page 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 1, page 11 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

116.    In response to paragraph 2, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

117.    In response to paragraph 3, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

118.    In response to paragraph 4, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

119.    In response to paragraph 5, page 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 5, page 11 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

120.    In response to paragraph 6, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

121.    In response to paragraph 7, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

122.    In response to paragraph 8, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

123.    In response to paragraph 9, page 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 9, page 11 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

124.    In response to paragraph 10, page 11 of the Complaint, Experian states that this is a legal conclusion which is not subject to admission or denial.  To the extent a response is required, Experian denies, generally and specifically, each and every allegation of this paragraph.

125.    In response to paragraph 11, page 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 11, page 11 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

126.    In response to paragraph 1, page 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 1, page 12 of the Complaint that relate to another defendant, Experian lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies each and every remaining allegation therein.

### **Demand**

In response to the unnumbered paragraph, Experian admits that Plaintiff has demanded a trial by jury on all issues triable.  Experian denies, generally and specifically, each and every allegation of Plaintiff's "Demand" and denies that Plaintiff is entitled to any relief whatsoever from Experian.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action thereof fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fail to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff was the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### FIFTH AFFIRMATIVE DEFENSE

The claim for relief set forth in the Complaint is barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself, and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## EIGHTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that the claim for relief in the Complaint herein is barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Experian alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that the claim or relief sought is moot.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required

to recover punitive damages, and thus all requests for punitive damages are improper.

## FOURTEENTH AFFIRMATIVE DEFENSE

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any and all state and common law claims Plaintiff brings against Experian are preempted by the federal Fair Credit Reporting Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1. Dismiss the Complaint in its entirety and with prejudice as to Experian, with all costs taxed against Plaintiff;

2. Dismiss Experian as a party to this action; and

3. Grant any such additional relief as this Court deems just and proper.

Date: February 5, 2025                    Respectfully submitted,

*/s/ Xerxes Martin*
Eugene Xerxes Martin, IV
Texas State Bar No. 240789928
MARTIN GOLDEN LYONS WATTS MORGAN PLLC
8750 N. Central Expressway, Suite 1850
Dallas, TX 75231
Telephone: (214) 346-2630
Facsimile: (214) 346-2631
Email: xerxes.martin@mamlaw.com

*/s/ Steven R. Zahn*
Steven R. Zahn
Virginia State Bar No. 43332-VA
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
Telephone: 757-687-7589

Facsimile: 757-687-7510
Email: steve.zahn@troutman.com

*Attorney for Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2025, I caused a true and correct copy of the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to all counsel of record. I also certify that a true and correct copy of the foregoing pleading was sent, via U.S. Mail and/or electronic mail to the following party:

Gilbert Graim
537 Whetstone Street
Desoto, TX 7515
*Pro se Plaintiff*


*/s/ Xerxes Martin*
Eugene Xerxes Martin, IV

307770064