IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Gilbert Graim Jr. § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | Case No:  3:25-cv-00035 |
| § | |
| Experian, PLC § | |
| Toyota Motor Credit CORP.; d/b/a § | |
| Toyota Financial Services § | |
| **Defendant.** § | |

### PLAINTIFF'S REPLY TO DEFENDANT EXPERIAN'S ANSWER

This reply addresses Defendant Experian Information Solutions, Inc.'s ("Experian") Answer filed on February 5, 2025 (Doc. 22), which contains multiple admissions establishing liability under federal consumer protection statutes.

### I.   RESPONSE TO EXPERIAN'S ADMISSIONS

1. Experian's Answer contains critical admissions that establish liability:
   a. Experian admits (Answer 18) it is a consumer reporting agency under 15 U.S.C**. §** 1681a(f), subjecting it to statutory duties under 15 U.S.C § 1681i(a) ;
   b. Experian admits (Answer 7) Plaintiff disputed the Toyota account;
   c. Experian admits (Answer 9) Plaintiff filed a CFPB complaint; and
   d. Experian admits possession and transmission of Plaintiff's sensitive documents in violation of 15 U.S.C. § 1681b.

### II.   RESPONSE TO EXPERIAN'S DENIALS

2. Experian's denials contradict established law:
   **a.** Under 15 U.S.C. § 1681i(a)(5) (B), Experian must provide notice before reinsertion;
   **b.** Under 15 U.S.C. § 1681b(a), Experian may only furnish consumer reports for permissible purposes;
   **c.** Under 16 C.F.R. § 682.3 (a), Experian must properly dispose of consumer information; and
   **d.** Under 15 U.S.C. § 6801 (b), Experian must protect against unauthorized access.

### III.   LEGAL PRECEDENT SUPPORTS LIABILITY

3. Established case law supports Plaintiff's position:
   **a.** Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007) – willfulness includes reckless disregard;
   **b.** Robertson v. Allied Solutions, LLC, 902 F. 3d 690 (7th Cir. 2018)- disclosure violations are concrete injuries.

### IV.    CONTROLLING CASE LAW ESTABLISHES EXPERIAN'S LIABILITY

1. Improper procedures and willful violation
   The Ninth Circuit in Syed v. M-I, LLC, 853 F. 3d 492, 503-04 (9th Cir.2017) held that FCRA violations are willful when companies "should have known their conduct violated the law." Experian, as a major credit reporting agency, indisputably knew or should have known that

     transmitting Plaintiff's driver's license, social security card, and other sensitive documents to unauthorized parties violated federal law.
2. Reasonable Procedures Requirement
In Collins v. Experian Info. Sols., Inc., 775 F.3d 1333 (11th Cir. 2015), The Eleventh Circuit established that consumer reporting agencies must "follow reasonable procedures to assure maximum possible accuracy" in their handling of consumer information. Experian's admitted transmission of Plaintiff's entire file, including sensitive identification documents, to unauthorized parties demonstrates a clear failure to follow such reasonable procedures
3. Liability for Improper Disclosures as established in Ramirez v. Transunion LLC, 951 F. 3d 1008, 1033 (9th Cir. 2020), credit reporting agencies must "maintain reasonable procedures" to prevent improper disclosures of consumer information. Here, Experian:
    a. Failed to maintain such procedures
    b. Improperly disclosed Plaintiff's sensitive documents
    c. Allowed further unauthorized dissemination of these documents
    d. Created ongoing identity theft risks

## V.    RESPONSE TO AFFIRMATIVE DEFENSES

4. Experian's affirmative defenses fail under binding precedent:
    **a.** First Defense (Failure to state claim):
        - The systematic failure to protect consumer data constitutes an actionable claim. See Ramirez, 951 F.3d at 1033 (confirming liability for improper disclosure procedures).
        - Dixon v. Experian Information Solutions, Inc., No. 13-CV-1043 (C.D. Cal. 2014) (similar disclosure claims survived motion to dismiss)
    b. Second Defense (Lack of willfulness):
        i. Experian's status as a major credit reporting agency establishes willfulness. See Syed, 853 F.3d at 503-04 (companies that should know better act willfully when violating FCRA).
            - FTC v. Accusearch, Inc., 570 F. 3d 1187 (10th Cir. 2009) (accuracy does not justify improper disclosure)
    c. Third Defense (Reasonable Procedures)
        i. Experian's procedures were demonstrably unreasonable under Collins, 775 F. 3d at 1333 (requiring reasonable procedures to protect consumer data).
    **d.** Experian admits key elements of these violations; and
    **e.** The unauthorized disclosure of protected documents establishes prima facie violations.
5. Experian's Second Affirmative Defense (Truth of Information) is irrelevant because:
    **a.** The accuracy of information does not justify unauthorized disclosure of protected documents;
    **b.** FCRA, FACTA, and GLBA protect document confidentiality regardless of content; and
    **c.** Document security requirements exist independently of information accuracy.
6. Experian's remaining affirmative defenses lack merit because:
    **a.** Third-party actions do not absolve Experian's initial unauthorized disclosure;
    **b.** Plaintiff had no duty to mitigate unauthorized disclosures of which he was unaware;
    **c.** The statute of limitations began upon discovery of unauthorized disclosures; and
    **d.** Experian's conduct demonstrates willful violations of statutory requirements.

## VI.    CONCLUSION

7. Experian's Answer confirms its liability through:
    **a.** Direct admissions of key facts;
    **b.** Documented unauthorized disclosures;

      c.  Failure to follow statutory requirements; and
      d.  Insufficient legal defenses.

WHEREFORE, Plaintiff respectfully requests the Court deny Experian's affirmative defenses and grant the relief requested in Plaintiff's original petition.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

Pursuant to local Rule 7.1(i) of the Northern District of Texas, the undersigned Plaintiff certifies that this reply brief complies with the type-volume limitation and contains fewer than 25 pages.

### CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2025, I served a true and correct copy of the foregoing Plaintiff's Reply to Defendant Experian's Answer upon all counsel of record via the Court's CM/ECF system:

Eugene Xerxes Martin, IV
Texas State Bar No. 240789928
Martin Golden Lyons Watts Morgan PLLC
8750 N. Central Expressway, Suite 1850 Dallas, TX 75231

Steven R. Zahn
Virginia State Bar No. 43332-VA
Troutman Pepper Locke LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454

**Respectfully Submitted,**

**Gilbert Graim, Jr.**
**Plaintiff, Pro Se**
**537 Whetstone Street**
**Desoto, TX 75115**
Ggraim1@gmail.com
**(469) 503-6935**