IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| Gilbert Graim Jr. § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | |
| § | Case No: 3:25-cv-00035-N-BT |
| Experian, PLC, Toyota Motor Credit § | |
| Corp. d/b/a Toyota Financial Services § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT TOYOTA MOTOR CREDIT CORPORATION

Plaintiff Gilbert Graim, Jr., proceeding pro se, respectfully moves for sanctions against Defendant Toyota Motor Credit Corporation ("Toyota") pursuant to the court's inherent authority, Federal Rule of Civil Procedure 16(f), and Local Rule 83.10. While Plaintiff acknowledges the Court's February 7, 2025 directive regarding filings pending the remand decision, Plaintiff submits this motion solely to address Toyota's continued willful non-compliance with multiple Court orders regarding local counsel.

I.   BACKGROUND

1. On January 16, 2025, this court ordered Toyota to designate local counsel (ECF No. 14).
2. On February 4, 2025, after Toyota failed to comply, this Court issued a second order requiring Toyota to show cause at the February 7, 2025 hearing why it should not be sanctioned for failing to designate local counsel (ECF No. 21).
3. At the February 7, 2025 hearing:
   a. Toyota's counsel claimed to maintain a Dallas office but could not provide its full address;
   b. Upon questioning by the Court, counsel admitted it was only a virtual office where no one works;
   c. Counsel acknowledged living in Sugar Land, Texas, which is well beyond the 50-mile requirement of Local Rule 83.10;
   d. The Court noted that neither counsel's website nor Texas Bar registration listed any Dallas office;
   e. After hearing Toyota's counsel's explanations, the Court gave Toyota an additional final deadline of Monday, February 10, 2025, to designate proper local counsel.
4. As of this filing, Toyota has:
   a. Failed to designate local counsel;
   b. Failed to show cause why sanctions should not be imposed;

      c. Failed to comply with three separate Court orders on this issue;
      d. Continued to file documents and appear before this Court without local counsel.

## II. ARGUMENT AND AUTHORITIES

### A. Legal Standard for Sanctions

- Courts have broad discretion to impose sanctions for violation of court orders. Fed. R. Civ. P. 16(f); Smith v. Smith, 145 F.3d 335, 344 (5th Cir. 1998). The Fifth Circuit has consistently held that sanctions are appropriate where a party demonstrates "a pattern of indifference and disrespect to the authority of the court." Brown v. Oil States Skagit Smatco, 664 F.3d 71, 77 (5th Cir. 2011). This authority extends to violations of local rules and failures to comply with court orders. Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976) (sanctions serve "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

### B. Toyota's Pattern of Non-Compliance Warrants Sanctions

- Local Rule 83.10(a) requires attorneys not residing in or maintaining a principal office within 50 miles of this Court to designate local counsel. Further, Local Rule 83.10(b) requires that local counsel "must be authorized to present and argue the client's position at any hearing called by the presiding judge and to perform any duty required by the local rules of the Northern District of Texas." This means Toyota's counsel should not have been filing documents or appearing without local counsel in place.

    Toyota's conduct demonstrates a pattern of willful non-compliance that warrants sanctions:

    First, Toyota has ignored three distinct court orders spanning nearly a month. The Fifth Circuit has held that "the flagrant violation of a court order is a ground for severe sanctions." F.D.I.C. v. Conner, 20 F.3d 1376, 1380 (5th Cir. 1994).

    Second, Toyota's counsel made misrepresentations to the Court about maintaining a Dallas office, only admitting under direct questioning that it was merely a virtual space. Courts have found that lack of candor compounds the seriousness of rule violations. See Chambers v. NASCO, Inc., 501 U.S. 32, 50-51 (1991).

    Third, Toyota's counsel has continued to file documents and appear in this Court without proper local counsel, in direct violation of Local Rule 83.10(b). Each such filing and appearance compounds the violation of the local rules and this Court's orders.

    Fourth, Toyota has shown no effort to comply despite multiple court orders, express warnings about sanctions, a show cause order, and direct questioning at the hearing. The Fifth Circuit has held that such repeated failures to comply with court orders, even after warnings, justify significant sanctions. See Sandifer v.

Gusman, 637 F. App'x 117, 121 (5th Cir. 2015); FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

### III. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Impose appropriate monetary sanctions against Toyota for its willful non-compliance;

2. Order Toyota to pay reasonable expenses caused by its failure to comply with the local counsel requirement;

3. Consider striking Toyota's pleadings filed without local counsel;

4. Order Toyota to designate compliant local counsel within 48 hours; and

5. Grant such other relief as the Court deems appropriate.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), I hereby certify that on February 10, 2025, at 2:42PM, I attempted to confer with counsel for Toyota via email regarding the final deadline to assign local counsel. As of the time of this filing, I have received no response. This lack of response is consistent with Toyota's pattern of non-responsiveness to the Court's orders regarding local counsel.

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

James K. Haney, Esq.
821 Alexander Road, Suite 200
Princeton, New Jersey 08543-3663
jhaney@wongfleming.com

Eugene Xerxes Martin, IV
MARTIN GOLDEN LYONS WATTS MORGAN PLLC
8750 North Central Expressway
North Park Central, Suite 1850
Dallas, Texas 75231
xmartin@mgl.law

Steven R. Zahn
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23454
steve.zahn@troutman.com

/s/ Gilbert Graim, Jr.
Gilbert Graim, Jr.
537 Whetstone Street
Desoto, TX 75115
Ggraim1@gmail.com
(469) 503-6935