IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GILBERT GRAIM, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:25-cv-00035-N-BT |
| § | |
| EXPERIAN, PLC, and TOYOTA § | |
| MOTOR CREDIT CORP. d/b/a § | |
| TOYOTA FINANCIAL SERVICES, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Gilbert Graim, Jr.'s Motion to Remand to State Court (ECF No. 5). For the reasons stated below, the District Judge should **GRANT** Plaintiff's Motion.

## Background

Graim filed a lawsuit in Texas state court on November 5, 2024, concerning a dispute over his credit report. *See generally* Orig. Pet. (ECF No. 1-3). Defendants were served with the summons and complaint on December 12, 2024. Not. Removal ¶ 2 (ECF No. 1). On January 6, 2025, Defendant Toyota Motor Credit Corp. (TMCC) filed an answer on the state court docket, *see generally* Answer (ECF No. 1-3 at 54), and Defendant Experian Information Solutions Inc. (Experian) filed

1

removal papers in federal court, *see generally* Not. Removal.[1] Neither the Notice of Removal nor any attachments indicate that TMCC consented to the removal. *See generally id.* On January 9, 2025, Graim filed a Motion to Remand and requested a hearing, arguing that Defendants' Notice of Removal was procedurally defective and filed in bad faith because it was filed after a default judgment hearing was set in state court. *See* Mot. Remand 2–3 (ECF No. 5); Mot. Hearing (ECF No. 6).

On January 15, 2025, the Court set Graim's Motion for a hearing and, in its order setting the hearing, emphasized that it would inquire into Graim's arguments regarding procedural defects, as the Notice of Removal fails to include any allegations regarding TMCC's consent to the removal. Order Setting Hearing 1–2 (ECF No. 9). TMCC's counsel then filed a letter later that day asserting that TMCC had consented to Experian's removal. *See* Correspondence (ECF No. 12). However, the Court struck the filing because it was untimely and could not remedy the defect. *See* Order (ECF No. 15). Thereafter, Defendants filed a Joint Opposition to the Motion to Remand on January 30, 2025, arguing that they fully complied with the procedural requirements for removal and that Experian had obtained TMCC's consent to remove before filing its Notice of Removal. *See generally* Joint

---

[1] Experian explains in its Notice of Removal that Plaintiff incorrectly named "Experian, PLC" as the Defendant, but "'Experian plc' is a foreign corporation and the ultimate parent of Experian Information Solutions, Inc. The allegations contained within the Complaint are allegations against Experian [Information Solutions, Inc.], which is a credit reporting agency and service was made upon Experian [Information Solutions, Inc.] at its headquarters in Costa Mesa, CA and not on Experian plc." Not. Removal 1 n.1.

2

Opposition Brief (ECF No. 19). Defendants also attached as exhibits two email exchanges between Experian and TMCC, dated January 6, 2025, demonstrating TMCC's purported consent to the removal. *See* Joint Opposition Brief Ex. A–B (ECF No. 19-1 and 19-2). On the same day, Graim filed a Motion to Withdraw his Motion to Remand. (ECF No. 20).

At the hearing on February 7, 2025, Graim expressed his desire to *not* withdraw the Motion to Remand, and the Court consequently denied his Motion to Withdraw. Graim and counsel for Defendants then presented their arguments regarding the adequacy of the Notice of Removal. In an effort to clarify Graim's arguments, the Court asked Graim whether his objections to procedural defects in the Notice of Removal included an objection to the Defendants' lack of timely-alleged consent, and Graim confirmed that was part of his argument. The Court further permitted Defendants to file a Supplemental Brief to the Motion for Remand by February 10, 2025 regarding any authority permitting Defendants to remedy the procedural defect after the removal deadline. However, Defendants' filing merely stated that it would rely on the arguments presented in its previous Joint Opposition. *See* Supplemental Brief (ECF No. 25).

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). A defendant wishing to remove an action to federal court must file a notice of removal "in the district court of the United States for the district and

3

division within which such action is pending" within 30 days after the defendant receives "through service or otherwise, a copy of the initial pleading[.]" 28 U.S.C. § 1446(a)–(b). Moreover, the "rule of unanimity" provides that all defendants to an action must consent to the removal within the thirty-day removal period by "either sign[ing] the original petition for removal *or* timely fil[ing] written consent to the removal." *Powers v. U.S.*, 783 F.3d 570, 576 (5th Cir. 2015) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)). If all properly joined and served defendants fail to consent within the thirty-day period, the removal is procedurally defective. *Getty Oil Corp.*, 841 F.2d at 1262; *see also Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) (concluding that "the removal petition was procedurally defective because the consent of all defendants was not obtained").

If the plaintiff timely moves to remand and objects to valid procedural defects in its motion, the case may be remanded. *See Rsrv. At Autumn Creek, LLC v. Everest Indem. Ins. Co.*, 2020 WL 13413667, at *4–5 (S.D. Tex. July 20, 2020) (explaining that a district court may remand a case to state court for "untimely [removal] and failing to obtain consent of a co-defendant, even though Graim did not raise [these exact] procedural defects in their motion to remand" because plaintiff's motion raised other arguments that defendants' removal was procedurally deficient); *Molina v. Am. Access Cas. Co.*, 2021 WL 3639790, at *2 (W.D. Tex. Aug. 17, 2021) (citation omitted) (stating that "once a plaintiff seeks

4

remand, the Court is entitled to do so for procedural reasons not raised in the plaintiff's motion").

Here, Experian's Notice of Removal says nothing about TMCC's consent and is signed only by Experian. *See generally* Not. Removal. And Defendants did not timely file a written indication that TMCC consented to Experian's removal. TMCC submitted its January 15, 2025 letter—which was stricken by the Court—after the expiration of the thirty-day removal period and is thus insufficient to correct any procedural defect in the Notice of Removal. *See Moody v. Commercial Ins. Co. of Newark, New Jersey*, 753 F. Supp. 198, 199–200 (N.D. Tex. 1990) (holding that failure to join in removal is a procedural defect that cannot be cured by untimely notice of consent); *Samuel v. Langham*, 780 F. Supp. 424, 427–28 (N.D. Tex. 1992) (holding that "purported consent," filed after the thirty-day removal period, was untimely, and therefore, irrelevant). And the January 6, 2025 emails attached to Defendants' Joint Opposition similarly do not remedy the lack of consent because they were not filed until January 30, 2025. *See Carter v. Liberty Mut. Ins. Co.*, 2023WL 7201153, at *2–3 (granting motion to remand when an email predating the notice of removal that demonstrated consent was not filed until after the thirty-day deadline for removal), *rec. accepted*, 2023 WL 7190722 (W.D. Tex. Oct. 30, 2024).

Experian's Notice of Removal is therefore procedurally defective, and the District Judge should **GRANT** Graim's Motion to Remand.

## Recommendation

The District Judge should **GRANT** Plaintiff's Motion to Remand (ECF No. 5).

**SO RECOMMENDED.**

February 24, 2025.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).